WINDSOR H. MENDENHALL, ET AL.

V.

DOUGLAS L. COOPER, INC., ETC., ET AL.

Record No. 881292

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and
Cochran, Retired Justice

R. *Scott Pugh* for appellants.
*Valerie Jean Mayo* for appellees.

JUSTICE STEPHENSON delivered the opinion of the Court.

Code § 43-17 provides that "[n]o suit to enforce [a mechanic's lien] . . . shall be brought after six months from the time when the memorandum of lien was recorded." In this case, the lienors brought suits to enforce liens against their debtor within the six-month limitations period. Approximately six months after bringing the suits, however, the lienors, with leave of court, filed amended bills of complaint, adding new defendants. The new defendants claimed that the suits against them were time-barred, but the trial court disagreed and decreed enforcement of the

mechanic's liens. The new defendants appeal, contending that the trial court erred in overruling their statute of limitations defense.[1]

The facts are undisputed. Colonial Beach Development Company (the Developer) acquired certain real property in the Town of Colonial Beach as a site for a condominium project. On November 13, 1983, the Developer recorded a deed of trust on the property that secured a promissory note payable to First American Savings and Loan Association (First American) in the principal sum of $1,650,000. The trustee named in the deed of trust was First American Service Corporation (the Trustee).

Thereafter, the Developer proceeded to construct the condominium project. On November 13, 1984, the Developer recorded the condominium declaration. In 1984, the Developer contracted with Douglas L. Cooper, Inc. (Cooper), and Northbowl, Inc. (Northbowl) for labor and materials that were furnished to the project.

The Developer sold and conveyed two condominium units in Phase I of the project. Unit No. 6 was conveyed to Ellen P. Becker, by deed dated November 1, 1984, and recorded November 13, 1984. Unit No. 4 was conveyed to Windsor H. and Leslie L. Mendenhall, by deed dated December 14, 1984, and recorded December 19, 1984. At the same time, the Mendenhalls recorded a purchase money deed of trust to the Trustee on Unit 4, securing a promissory note also payable to First American.

On January 31, 1985, Cooper recorded a memorandum of mechanic's lien. Northbowl recorded its memorandum of mechanic's lien on February 8, 1985. In their respective memoranda, Cooper and Northbowl named the following parties as owners: the Developer; Becker, as owner of Unit 6, Phase I; and the Mendenhalls, as owners of Unit 4, Phase I. Cooper and Northbowl gave notice of their lien claims to the owners named in their memoranda and to the Trustee. On May 16, 1985, the Developer filed for bankruptcy. On July 31, 1985, within six months after Cooper and Northbowl recorded their memoranda, Cooper and Northbowl filed bills of complaint only against the Developer to enforce their mechanic's liens. The Developer did not respond to the suits.

Because the Developer defaulted under the deed of trust that secured First American, the Trustee was directed to conduct a

---

[1] The lienors' suits were consolidated at trial and on appeal.

foreclosure sale of the condominium property, except for Units 4 and 6 in Phase I. The sale was conducted on August 9, 1985, and First American purchased the property. First American subsequently assigned its interest in the property to The St. Johns Development Corporation (St. Johns). Consequently, by deed recorded November 27, 1985, the Trustee conveyed the property to St. Johns, subject to all mechanic's liens.

On January 8, 1986, the trial court entered orders permitting Cooper and Northbowl to file amended bills of complaint that would add new parties defendant.[2] On January 22, 1986, Cooper and Northbowl filed amended bills of complaint that added, as defendants, the Mendenhalls, Becker, the Trustee, and First American (collectively, the new defendants).[3] As previously stated, the trial court overruled the new defendants' plea of the statute of limitations and decreed enforcement of the mechanic's liens.

■ Our analysis begins with a determination whether the new defendants are *necessary* parties to the suit to enforce, or are merely *proper* parties. Failure to include proper parties is not a ground for dismissing the suit. A court is empowered to adjudicate a cause in the absence of proper parties. *Bonsal* v. *Camp*, 111 Va. 595, 597, 69 S.E. 978, 978-79 (1911). Thus, the sustaining of a proper party's statute of limitations plea does not mandate a dismissal of the suit.

■ A different rule applies, however, with respect to necessary parties. A court is powerless to proceed with a suit unless all necessary parties are properly before the court. We have said that

[a necessary party's] interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction.

[2] The orders were endorsed only by counsel for Cooper and Northbowl. Nothing in the record suggests that the added parties knew about the orders until they were served with copies of the amended bills.

[3] The new defendants are the appellants herein. St. Johns was added as a party defendant also and is an appellant herein. However, because St. Johns acquired its interest in the subject matter after July 31, 1985, we express no opinion whether it was a necessary party.

*Bonsal*, 111 Va. at 597-98, 69 S.E. at 979 (quoting *Barney* v. *Baltimore City*, 73 U.S. (6 Wall.) 280, 284 (1867)). *Accord*, *Walt Robbins, Inc.* v. *Damon Corporation*, 232 Va. 43, 348 S.E.2d 223 (1986); *Buchanan Co.* v. *Smith*, 115 Va. 704, 80 S.E. 794 (1914); *Sweeney* v. *Foster*, 112 Va. 499, 71 S.E. 548 (1911). *See also Kennedy Coal* v. *Buck'n Coal*, 140 Va. 37, 124 S.E. 482 (1924). It follows, therefore, that a suit, time-barred as to any necessary party, must be dismissed because such necessary party is not subject to the court's jurisdiction.

▇▇▇ Consequently, we must determine whether the new defendants in the present case are necessary parties. We define "necessary parties" broadly:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*Raney* v. *Four Thirty Seven Land Co.*, 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (quoting *Gaddess* v. *Norris*, 102 Va. 625, 630, 46 S.E. 905, 907 (1904)) (citation omitted). Moreover, we have held that both the trustee and the named beneficiary of an antecedent deed of trust are necessary parties in a suit to enforce a mechanic's lien. *Walt Robbins, Inc.*, 232 Va. at 47-48, 348 S.E.2d at 227. *See also* Code § 55-66.1.

In the present case, Becker and the Mendenhalls are owners of condominium units subjected to the mechanic's liens. They were so designated, and their properties described, in the memoranda of liens and in the amended bills to enforce. The Trustee and First American are the trustee and beneficiary, respectively, under the antecedent deed of trust. Thus, the new defendants were necessary parties in the suits to enforce because they each had an interest in the subject matter which likely could be defeated or diminished by Cooper's and Northbowl's claims.

Although the new defendants were not made parties to the enforcement suit until more than a year after the memoranda of liens were filed, Cooper and Northbowl claim that the amended bills relate back to the commencement of the suits brought against the Developer. Cooper and Northbowl contend, therefore, that the

filing of the original bills stopped the running of the statute of limitations as to the new defendants.

■ In the context of Code § 43-17, however, we have held that, when an amendment introduces a new claim or makes new demands, the statute continues to run until the time of the amendment. *Neff* v. *Garrard*, 216 Va. 496, 498, 219 S.E.2d 878, 879-80 (1975). *See also Comm. Mech., Inc.* v. *Stand. Fed.*, 222 Va. 330, 331, 281 S.E.2d 811, 811 (1981). Furthermore, it is well-established that when "a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time that he was so brought in." *Webb* v. *United States Fidelity, etc. Co.*, 165 Va. 388, 393, 182 S.E. 557, 559 (1935). *Accord Dorr's Adm'r* v. *Rohr and als.*, 82 Va. 359, 365-66 (1886).

■ Cooper's and Northbowl's original bills sought to enforce their mechanic's liens only against the Developer's property. By their amended bills, however, Cooper and Northbowl sought to enforce their liens against properties owned by Becker and by the Mendenhalls, in addition to the Developer's property. Furthermore, the amended bills, unlike the original bills, presented questions concerning the priority of the lien created by the antecedent deed of trust. The amended bills, therefore, not only added new defendants but also presented new and different claims. Therefore, the enforcement suits against the new defendants are deemed to have been commenced at the time of the amendments. Consequently, we hold that the enforcement suits were not brought against the new, necessary defendants within the time required by Code § 43-17.[4]

Accordingly, the trial court's judgment will be reversed, the mechanic's lien enforcement suits will be dismissed, and final judgment will be entered here for the appellants.

*Reversed and final judgment.*

---

[4] The decision we reach is dispositive of the case. Therefore, we do not address the assignment of cross-error.