## CIRCUIT COURT OF CHESTERFIELD COUNTY

Ginda & Wax, Inc., et al.

 v.

Kenneth J. Lundquist et al.

 Case No. (Chancery) 89-958

A. E. Tate Lumber Co., Inc.

 v.

Kenneth J. Lundquist et al.

 Case No. (Chancery) 89-761

 February 16, 1990

By JUDGE HERBERT C. GILL, JR.

Plaintiff, Ginda & Wax, Inc., moves to amend its bill to enforce mechanic's lien by adding parties necessary to the action. Ginda & Wax, Inc., seeks to add successor in interest, Michael W. Covington, and trustees, Henry R. Pollard, IV, and Barry D. Crawford.

Plaintiff had filed memorandum of lien on January 25, 1989, listing K. J. Lundquist Co., Inc., as owner. The property was subsequently sold at foreclosure to Fidelity Federal Savings Bank and apparently conveyed to Ernest E. Brown, by deed dated April 24, 1989, recorded May 5, 1989. Brown conveyed to Covington by deed dated June 8, 1989, recorded July 21, 1989. Covington executed

a purchase money deed of trust dated July 21, 1989, recorded July 21, 1989, with Henry R. Pollard, IV, and Barry D. Crawford as trustees. Plaintiff filed its bill July 24, 1989.

Defendants, Fidelity Federal Savings Bank and Gregory D. Foreman, object to plaintiff's request. Defendants argue that six-month limitation set forth by § 43-17 of the Virginia Code precludes the addition of new parties. Defendants contend that by amending the bill to include Covington, Pollard and Crawford, a new demand is initiated and, therefore, the amendment fails to relate back to the filing of the bill. Plaintiff argues that the addition of said parties merely varies the initial bill and does not constitute a new demand. Therefore, plaintiff contends the amendment relates back to the commencement of the suit.

Upon consideration of evidence heard and argument presented, plaintiff's motion to amend its bill is denied and the aforementioned actions are dismissed. Section 43-17 of the Virginia Code precludes enforcement suits against parties necessary to the action, Covington, Pollard and Crawford, and therefore, the Court is powerless to proceed without said parties. Counsel for defendants are directed to draft an order in accordance with this letter opinion.

Section 43-17 of the Virginia Code provides:

> No suit to enforce any lien perfected under Sections 43-4, 43-5, and 43-7 to 43-10 shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from the time the building, structure, or railroad was completed or the work thereon . . .

The addition of Covington, Pollard and Crawford as new defendants does not relate back to the initiation of the action on July 24, 1989. An action to enforce a mechanic's lien against a party added by amended pleading, "is deemed to have been commenced as to him at the time that he was so brought in." *Mendenhall, et al. v. Cooper, Inc., et al.*, 239 Va. 71, 387 S.E.2d 468 (1990), *citing*

*Webb v. United States Fidelity, etc., Co.,* 165 Va. 388 (1935).

In *Mendenhall,* Colonial Beach Development Company (the developer) acquired certain real property for a condominium project. Developer recorded a deed of trust on November 13, 1983, that secured a note payable to First American with trustee First American Service Corp. In 1984, Cooper and Northbowl entered into a contract with developer for labor and materials. Developer conveyed certain condominium units to Becker and Mendenhall on November 1, 1984 (recorded November 13, 1984), and November 14, 1984 (recorded December 19, 1984), respectively. Mendenhall recorded a purchase money deed of trust to trustee, First American Service Corp., securing a note payable to First American.

Cooper and Northbowl filed memoranda of lien on January 31, 1985, and February 8, 1985, respectfully, listing as owners, developer Becker and Mendenhall, with notice to said owners and trustee. Developer filed a petition for bankruptcy May 16, 1985. Cooper and Northbowl filed their bills to enforce the liens on July 31, 1985, listing developer as the sole defendant. First American foreclosed on October 9, 1985, purchased the property, and subsequently assigned its interest to St. John's Development Corp.

The trial court permitted Cooper and Northbowl to file amended bills adding as defendants Mendenhall, Becker, the trustee, and First American. The amendments were filed January 8, 1986. The "new" defendants' plea of the statute of limitations was overruled and judgment granted for plaintiffs.

On appeal, the Supreme Court reversed and entered judgment for defendants/appellants. The Court specifically held that each "new" party was necessary; that the amendment created a new demand and added new parties, and that, therefore, the statute continued to run up to the filing of the amendment. The Court stated:

> the amended bills, unlike the original bills presented questions concerning the priority of the lien created by the antecedent deed of trust. The amended bills, therefore, not

only added new defendants but also presented new and different claims.

*Id.*, 387 S.E.2d at 471 (1990).

Although the facts of *Mendenhall* are distinguishable, in that the parties sought to be added were either listed on the memorandum of lien or given notice of the claim, the distinction is without a difference under the analysis in *Mendenhall*. Indeed, the aforementioned distinction presents a compelling argument that the new defendants in *Mendenhall* waived the right to object to the amendment, a noted exception to the general rule that the statute continues to run up to the time of the amendment adding new parties. *See Dorr's Adm'r. v. Rohr and al.*, 82 Va. 359 (1886). (Yet, claimants' knowledge of the parties' interest at the time the initial suit was filed in *Mendenhall* undermines the necessity of an amended pleading.) The apparent holding in *Mendenhall* is simply -- new party, ergo, action commences upon filing the amended pleading. *Id.*, 387 S.E.2d at 471 (1990).

Successor in interest, Covington, and trustees, Pollard and Crawford, are necessary parties to the action. *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986). The Court is without jurisdiction to entertain an action absent necessary parties. *Bonsal v. Camp*, 111 Va. 595 (1911). Hence, plaintiff's failure to add Covington, Pollard, and Crawford by amended pleading within the limitation prescribed by § 43-17 necessitates dismissal.