## CIRCUIT COURT OF CHESTERFIELD COUNTY

James River
Building Supply Co.

v.

Residential
Innovation, Inc., et al.

April 27, 1990

Case No. 576-88

By JUDGE WILLIAM R. SHELTON

Defendant (Residential Innovation) argues that the Mechanic's Lien filed by James River Building Supply Co. cannot be enforced because suit was not timely filed containing the names of the owners of the property. This Court agrees.

I. James River Co. timely perfected and filed a Mechanic's Lien on November 4, 1987, and an amended Mechanic's Lien was filed November 25, 1987. The suit to enforce the Mechanic's Lien was timely filed on May 3, 1988. After the filing of suit to enforce, James River discovered that this suit did not name the owners of the property on the date of filing as required by Va. Code § 43-17. On April 28, 1988, the property was sold to Jeffrey and Ellen Hunt, and the plaintiff, being unaware of this, had filed suit under the prior owner's name, Investors Savings Bank, instead of the new owner's name. To remedy this, plaintiff, on August 1, 1988, was granted leave to amend his bill of complaint to name the Hunts, the lenders, and the trustees of the property not named in the May 3, 1988, filing.

Va. Code § 43-17 provides that any suit to enforce a lien perfected under Va. Code §§ 43-4, 43-5, 43-7,

and 43-10 must be filed within six months from the time the memorandum of lien was recorded or sixty days from the time the work on the structure was completed or terminated. Va. Code § 43-17.

Defendant Residential Innovation, Inc., objects to plaintiff's amendment naming the property owners. Defendant contends that amending the Bill of Complaint to include the Hunts, the lender, and the trustees created a new demand which did not relate back to the filing of the bill. Thus, the six-month limitation set forth by § 43-17 of the Virginia Code had not been tolled and had, in fact, run out thereby precluding the addition of new parties. Plaintiff argues that the addition of said parties merely varies the initial bill and does not constitute a new demand. Therefore, plaintiff contends the amendment should be allowed to relate back to the commencement of the suit.

Upon consideration of the evidence heard and the argument presented, the Court finds the addition of the Hunts, the lenders, and the trustees created a new demand which did not relate back. Thus, the time limit was not tolled and the property "owners" were not brought before the Court within the time limit set forth in Section 43-17. Section 43-17 of the Va. Code precludes enforcement of suits where the necessary parties are not before the Court. In this suit, Jeffrey and Ellen Hunt were necessary parties that were not brought before the Court within the statutory time limit. Therefore, the Court is powerless to enforce the mechanic's lien.

Section 43-17 of the Virginia Code provides:

No suit to enforce any lien perfected under Sections 43-4, 43-5, and 43-7 to 43-10 shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from the time when the memorandum of lien was recorded or after sixty days from the time the building, structure, or railroad was completed or the work thereon . . . .

The addition of the Hunts, the trustees, and the lender as new defendants does not relate back to the initiation of the action on May 3, 1988. The statutory time limit was not tolled and had expired when plaintiff sought leave

to amend. An action to enforce a mechanic's lien against a party added by amended pleading, "is deemed to have been commenced as to him at the time that he was so brought in." *Mendenhall, et al. v. Cooper, Inc., et al.*, 239 Va. 71 (1990), citing *Webb v. United States Fidelity, etc., Co.*, 165 Va. 388 (1935).

In *Mendenhall*, Colonial Beach Development Company (the developer) acquired certain real property for a condominium project. *Mendenhall v. Cooper, Inc., et al.*, 239 Va. 71 (1990). Developer recorded a deed of trust on November 13, 1983, that secured a note payable to First American with trustee First American Service Corp. In 1984, Cooper and Northbowl entered into a contract with developer for labor and materials. Developer conveyed certain condominium units to Becker and Mendenhall on November 1, 1984 (recorded November 13, 1984), and November 14, 1984 (recorded December 19, 1984), respectively. Mendenhall recorded a purchase money deed of trust to trustee, First American Service Corp., securing a note payable to First American.

Cooper and Northbowl filed memoranda of lien on January 31, 1985, and February 8, 1985, respectively, listing as owners, developer, Becker and Mendenhall, with notice to said owners and trustee. Developer filed a petition for bankruptcy May 16, 1985. Cooper and Northbowl filed their bills to enforce the liens on July 31, 1985, listing developer as the sole defendant. First American foreclosed on October 9, 1985, purchased the property and subsequently assigned its interest to St. John's Development Corp.

The trial court permitted Cooper and Northbowl to file amended bills adding as defendants, Mendenhall, Becker, the trustee, and First American. The amendments were filed January 8, 1986. The "new" defendants' plea of the statute of limitations was overruled and judgment granted for plaintiffs.

On appeal, the Supreme Court reversed and entered judgment for defendants/appellants. *Mendenhall*, 239 Va. 71. The Court specifically held that each "new" party was necessary; that the amendment created a new demand and added new parties; and that, therefore, the statute continued to run up to the filing of the amendment. *Mendenhall*, 239 Va. at 76. The Court stated:

> [T]he amended bills, unlike the original bills, presented questions concerning the priority of the lien created by the antecedent deed of trust. The amended bills, therefore, not only added new defendants but also presented new and different claims. *Id.* at 76.

This Court feels that the ruling in *Mendenhall* is controlling in the present case. As in *Mendenhall*, the Hunts are necessary parties and as property owners their addition created a new demand which does not relate back to the filing of the Bill of Complaint. The amendment naming the Hunts had to be filed within the six-month time period. It was not, and thus the action is precluded.

The plaintiff argues that the facts in this case are distinguishable from *Mendenhall*. In *Mendenhall* the plaintiffs sought to add to their Bill of Complaint owners of the condominium units in question at the time the Memorandum of Mechanic's Lien was recorded who were so named in the memorandum but were not later named when the Bill of Complaint was filed. *Mendenhall, Id.* In the case before us, James River sought to amend its Bill of Complaint to add parties who became owners of record *after* James River recorded its Memorandum of Mechanic's Lien. Despite the factual variations, this Court feels that the Supreme Court's decision, as it is stated in *Mendenhall*, is not limited to the facts specifically set forth therein. The language used by the Court in *Mendenhall* is both broad and encompassing. This Court finds the nature of the Court's opinion in *Mendenhall* to be dispositive of this case despite the factual variation plaintiff has argued.