## CIRCUIT COURT OF FAIRFAX COUNTY

SLM Concrete

    v.

Capital Sun Land et al.

May 9, 1991

Case Nos. (Chancery) 118794-99 and 118802

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider the defendants General Electric Capital Corporation, Nucci, and Henneburg's Motion for Summary Judgment. The Court has considered the arguments of counsel, as well as the case law cited in support thereof. For the reasons that follow, the Motion for Summary Judgment is denied.

In the case at bar, a Memorandum of Mechanic's Lien was recorded on May 17, 1990. On November 15, 1990, two days before the six-month period for filing a Bill to Enforce the Mechanic's Lien had elapsed, a new Trustee of a Deed of Trust on the subject property securing General Electric Capital Corporation, one Baumgartner, was substituted for the original trustees, Nucci and Henneburg. The next day, November 16, 1990, the Bill to Enforce the Mechanic's Lien was filed, naming as parties the two original Trustees, rather than the Recently substituted Trustee. Paragraph 4 of the Bill states:

> Defendants, Gregory B. Nucci and Frank H. Henneburg, were named trustees under a certain deed of trust on the Property recorded in Deed Book 7499, Page 1451, among the aforesaid land records, securing General Electric Capital Corporation.

This allegation, which is undisputed as true, was admitted by the defendants in their Answer without qualification or mention of the substitution. On April 1, 1991, the defendants General Electric, Nucci, and Henneburg filed a Motion for Summary Judgment. The Motion for Summary Judgment is based on non-joinder of a necessary party Baumgartner, the substituted trustee of the deed of trust on the subject property, within six months after the Memorandum of Mechanic's Lien was filed.

The Court recognizes that no Bill to Enforce a Mechanic's Lien may be amended to add an additional party after the expiration of the six-month period provided by Code Section 43-17. *Mendenhall v. Cooper*, 239 Va. 71, 76, 387 S.E.2d 468, 470 (1990); *Neff v. Garrard*, 216 Va. 496, 498, 219 S.E.2d 878-80 (1975). Additionally, the trustees of a deed of trust are necessary parties in a suit to enforce a mechanic's lien. *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986); *Mendenhall*, 239 Va. 71, 387 S.E.2d 468.

In the case at bar, however, unlike *Robbins*, *Neff*, or *Mendenhall*, *supra*, Trustees were named as party defendants in the Bill of Complaint. While the names of those Trustees were incorrect, their representative capacity and identity as Trustees of the Deed of Trust securing General Electric Credit Corporation was correct. Since the original Trustees were being sued in their representative capacity only and not personally the Court does not consider the failure to state their names correctly as fatal. The error, being nothing more than a misnomer, can be corrected by amendment. *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 816, 97 S.E.2d 1 (1957); § 8.01-6, Code of Virginia (1950), as amended; Rule 1:8, Rules of the Supreme Court of Virginia; *see also*, *Neff v. Garrard*, *supra* (dissenting opinion).