## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Milroy

v.

Fons et al.

August 30, 1991

Case No. (Chancery) CH900786

By JUDGE ALFRED D. SWERSKY

In this action to enforce a mechanic's lien, defendant MICO complains that a necessary party to this bill to enforce a mechanic's lien was not properly joined, and under the authority of *Mendenhall v. Cooper*, 239 Va. 71 (1990), this action must be dismissed.

Memoranda of Mechanic's Liens were alleged to have been filed on May 14, 1990, setting forth the defendant Fons as owner, as well as defendants Thomas and Wells as trustees under an antecedent deed of trust. The bill to enforce these liens was filed on November 13, 1990, within the six-month limitation period provided in Code of Virginia, Section 43-17. On or about May 31, 1990, subsequent to the filing of the liens but before this action was commenced, Fons conveyed to Miseveth. It is the absence of Miseveth of which MICO complains.

Milroy, in an amended bill, has alleged that the conveyance to Miseveth is a fraudulent one although Miseveth is not named as a defendant under the amended bill. Further, plaintiff has filed a separate action in the form of a creditor's bill to set aside this conveyance, and Miseveth is named as a defendant in that action.

Plaintiff argues that *Mendenhall* does not require the joinder of an owner who takes title subsequent to the filing of the liens but only requires that naming of the record owner at the time the liens are filed. It is true that *Mendenhall* does not specifically address this issue, and the Court in that case expressed no opinion on the question of whether a purchaser subsequent to the filing of the bill to enforce the lien was a necessary party. *Mendenhall, supra,* at page 74, footnote 3.

Here, the situation is different. Miseveth became a record owner before the bill was filed and, while he may take subject to the liens, he would be a necessary party under the definition as expressed by the Supreme Court in *Raney v. Four Thirty Seven Land Co.,* 233 Va. 513 (1987), as follows:

> Where an individual is in the actual enjoyment of the subject matter or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties. At pp. 519-520.

Miseveth should have been joined as a party defendant. However, this does not end the inquiry. The allegations are made that the conveyance to Miseveth was fraudulent. If proven, then the conveyance would be void *ab initio* and of no effect. Code of Virginia, Section 55-80. If the conveyance is shown to be a nullity, it could not affect the right of plaintiff to enforce his lien. A factual question exists as to the validity of the conveyance.

MICO argues, however, that the amended bill introduces a new matter and that since the amendment was not made within the time prescribed by the statute, it cannot relate back to the original filing and must be barred. MICO's contention is well-taken, and the amendment does introduce a "new or different demand" and, hence, can not relate back to the filing of the original bill. It is time-barred. *Neff v. Garrard,* 216 Va. 496 (1975). So even if the failure to join Miseveth was not fatal, the introduction of the new claim is, and the plea in equity must be sustained.