## CIRCUIT COURT OF FAIRFAX COUNTY

Astro Remodeling
and Construction, Inc.

v.

Leon Pinto
and Monica Pinto

October 29, 1991

Case No. (Chancery) 122931

### By JUDGE THOMAS A. FORTKORT

This case is before the Court on the defendants' Demurrer to the plaintiff's Bill of Complaint to Enforce Mechanic's Lien. After hearing oral argument, the Court took the case under advisement. For the reasons set forth below, the Demurrer is sustained and the suit to enforce the mechanic's lien is dismissed. The plaintiff may amend the suit within twenty-one days of this letter date if there are other grounds upon which to pursue the complaint.

The plaintiff, Astro Remodeling and Construction, Inc., filed a Memorandum of Mechanic's Lien on March 11, 1991, and a Bill of Complaint to enforce the lien on September 9, 1991, as provided under Virginia Code § 43-4 and § 43-17. The Bill of Complaint claims that the plaintiff performed construction on the defendants' home located at 5344 Guinea Road, Fairfax, Virginia, and that the defendants have not paid the plaintiff for these services. The defendants filed a Demurrer to the Bill of Complaint on September 26, 1991, claiming that the plaintiffs failed to join as

necessary parties the trustees and beneficiaries of two antecedent deeds of trust on the property, and that the plaintiffs failed to file a verified, itemized statement of account with the Bill of Complaint as required by Virginia Code § 43-22.

Two issues are before the Court in ruling on the Demurrer. First, the Court must consider whether it can allow the plaintiff to join as parties the trustee, James L. Rider, and beneficiary, Home Savings Bank of America, of the Deed of Trust executed on May 1, 1987, and the trustees, Gayle B. Matthews and Daniel L. Robey, and beneficiary, George E. White, of the Deed of Trust executed on June 1, 1987. Second, the Court must decide whether it has discretion to allow the plaintiff to file a verified, itemized statement of account at this time.

### The Amendment to Add Parties to the Suit

Under Virginia law, a mechanic's lien is perfected when the plaintiff files a Memorandum of Mechanic's Lien in the clerk's office, stating the names and addresses of the owners of the property, the verified amount of the claim, the type of materials furnished, and a description of the property. Va. Code § 43-5 (1990). The plaintiff filed the Memorandum of Mechanic's Lien on March 11, 1991, and the lien was perfected as of that date. *See Loyola Fed. Sav. & Loan Ass'n v. Herndon Lumber & Millwork, Inc.,* 218 Va. 803 (1978). The plaintiff's later failure to name the trustees and beneficiaries in the Bill of Complaint to enforce the lien or to join them within the six month limitation period provided in Virginia Code § 43-17 does not render the lien invalid. Code § 43-17 merely determines the time in which a creditor must file a suit to collect on a lien; it does not address the validity of the lien.

The mechanic's lien in Virginia is a purely statutory creation, and courts construe the statute strictly in light of the extraordinary preference afforded mechanic's liens in determining lien priority. *Winder Plumbing, Heating and Air Conditioning, Inc. v. Kanawha Trace Development Partners et al.,* 19 Va. Cir. 333 (1990). In deciding whether the plaintiff is permitted here to add as parties the trustees and beneficiaries of the prior Deeds of Trust, the Court recognizes that these prior lienholders are necessary par-

ties to the suit and that a court is unable to proceed unless all necessary parties are before the court. *Mendenhall v. Douglas L. Cooper, Inc.,* 239 Va. 71 (1990); *Walt Robbins v. Damon Corp.,* 232 Va. 43 (1986). In this case, the plaintiff wishes to add these parties after the expiration of the six month limitation period provided in § 43-17 by relating back this addition to September 9, 1991, the date that the Bill of Complaint to Enforce Mechanic's Lien was originally filed.

The decision of the Virginia Supreme Court in *Mendenhall v. Douglas L. Cooper Inc.,* 239 Va. 71 (1990), is dispositive of this issue. In *Mendenhall,* the Supreme Court found that new defendants, including a trustee and beneficiary under an antecedent deed of trust, were necessary parties who could not be joined because they were not made parties until more than one year after the memoranda of liens were filed. The Court rejected the relation back doctrine, acknowledging that a suit is deemed to commence as to a new party when that party is brought into the suit. *Mendenhall* clearly presented a situation in which the addition of the new parties brought with it the addition of new claims; in the case before the Court here, however, even if the addition of the new parties to the suit brings with it no new demands and no new properties, prior Virginia law requires strict construction of the mechanic's lien statute and thus prohibits the joining of new parties beyond the six month limitation period prescribed in Code Section 43-17. The Court therefore sustains the defendants' Demurrer on this issue and the mechanic's lien is dismissed. The plaintiff may amend the suit within twenty-one days of this letter date if grounds exist to do so.

### The Amendment to File the Verified Statement of Account

In sustaining the Demurrer on the matter of the plaintiff's failure to add necessary parties to the suit, the Court need not reach the issue of whether to allow the plaintiffs additional time to file the verified statement of account. Nonetheless, the lack of particularity in such a statement is generally not jurisdictional, *Knight v. Ferrante,* 202 Va 243 (1960), and Virginia case law indicates that a bill to enforce a mechanic's lien will survive a demurrer on this issue. *Herbert Bros. v. McCarthy,*

220 Va. 907 (1980). The Court would allow filing of the statement at this time if the Demurrer had not been sustained on the issue of the addition of the new parties.