## CIRCUIT COURT OF PRINCE WILLIAM COUNTY

Air Power, Inc.

v.

Kenneth O. Thompson,
Trustee, et al.

November 6, 1991

Case No. (Chancery) 30860

By JUDGE RICHARD B. POTTER

Upon review of the case law submitted by counsel, and in consideration of the pleadings filed and argument of counsel, I have concluded that the Demurrer-Plea of Statute of Limitations should be sustained. I have previously found that the beneficiary named in the deed of record, referred to as Ken Thompson Properties Joint Venture or "KTPJV," is a necessary party to the suit, especially as the term "necessary party" is defined in the case of *Mendenhall v. Cooper*, 239 Va. 71, 75 (1990). KTPJV clearly has an interest in the subject matter which likely could be defeated or diminished by the lienor's claim. *Mendenhall* has also come to stand for the proposition that when an amendment, such as the one in this case, adds a new party into the suit, then the suit must be deemed to have been commenced at the time of the amendments. Consequently, the Bill to Enforce, as amended, was not brought against the new, necessary defendant, within the time required by Code § 43-17. Even though the beneficiary's interest is limited by the terms of the deed, the Court must reluctantly conclude that the defendant's Demurrer-Plea of the Statute of Limitations should be sustained without leave to amend by the defendant.