54

## CIRCUIT COURT OF FAIRFAX COUNTY

Del Ray Home Improvements

 v.

Gary Greenwood
and Debralee Nelson

Case No. (Chancery) 119185

BY JUDGE THOMAS A. FORTKORT

July 22, 1992

This case is before the Court on the defendant Greenwood's Motion for Dismissal. For the reasons set forth below, the motion is denied and the arbitration award is affirmed.

The facts giving rise to this litigation are provided in the parties' pleadings. Del Ray Home Improvements, Gary Greenwood, and Debralee Nelson entered into a construction contract on residential property owned by Greenwood and Nelson. Del Ray filed a mechanic's lien suit against Greenwood and Nelson, alleging that they failed to pay for labor and materials furnished by Del Ray pursuant to the construction contract. Del Ray also sued Burke & Herbert Bank and Trust Company, noteholder of a $400,000 deed of trust on the property, and trustees Carter Land and James Clark.

Greenwood filed a motion to dismiss the suit, claiming that the construction contract required settlement by arbitration of any dispute between the parties arising out of the contract. The Court then ordered the case to arbitration. Before an arbitrator heard the case, Del Ray filed a voluntary petition for bankruptcy but did not notify the Court, the arbitrator, or the defendants. The arbitrator awarded Del Ray $7,113 and denied Greenwood's counterclaim.

The Court has before it today Greenwood's motion to dismiss the case. Greenwood claims that Del Ray cannot proceed with the suit because it did not inform Greenwood of the pending bankruptcy and did not allow the correct party, the bankruptcy trustee, to proceed

with the claim. Greenwood argued for submission of the case to arbitration but now seeks to set aside the arbitrator's award.

The Court denies Greenwood's motion because the evidence indicates that the bankruptcy trustee had abandoned its interests in the suit. The arbitrator conducted a hearing on the merits of the case, and relitigation of any objections to the mechanic's lien would be moot.

## October 13, 1992

This case is before the Court on defendant Greenwood's motion to reconsider a prior ruling which denied defendant Greenwood's motion to dismiss and affirmed an arbitration award. For the reasons set forth below, the motion to reconsider is denied.

The facts underlying this litigation are described in the parties' pleadings. Del Ray Home Improvements, Inc., Gary Greenwood, and Debralee Nelson entered into a contract for construction of improvements on property owned by Greenwood and Nelson. Del Ray alleged that the defendants failed to pay for labor and materials furnished under this contract, and filed a mechanic's lien suit. Del Ray also sued Burke & Herbert Bank and Trust Company, holder of a $400,000 deed of trust on the property, and trustees Carter Land and James Clark.

Greenwood filed a motion to dismiss the suit, claiming that the contract mandated settlement by arbitration of any contract disputes between the parties. The Court referred the case to arbitration. The arbitrator awarded Del Ray $7,113 and denied Greenwood's counterclaim. The Court now has before it for the second time Greenwood's motion to dismiss the suit. Defendant argues that Del Ray's failure to include the trustee and beneficiary of an antecedent deed of trust on the property in this suit bars the Court from granting relief on the bill of complaint. Defendant describes this as a jurisdictional requirement and cites *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43 (1986), and *Mendenhall v. Cooper*, 239 Va. 71 (1990), in support of this motion.

In both *Walt Robbins* and *Mendenhall*, the Virginia Supreme Court ruled that a trustee and beneficiary under an antecedent deed of trust recorded on land are necessary parties in a suit to enforce a mechanic's lien against the property. *Id.* The Court explained that when "legal title is vested in the trustee of an antecedent deed of trust, and the property is to be sold free of the trust lien, the chancellor must have jurisdiction over the person of the trustee before he can enter a

decree divesting him of title." *Walt Robbins, Inc.*, 232 Va. at 48. Neither *Walt Robbins* nor *Mendenhall* addressed the validity of claims submitted to arbitration by the prior consent of the parties. In the case at bar, the use of arbitration fundamentally changed the nature of the case, making it factually distinct from the opinions cited by the defendant.

Article 13 of the contract signed by the parties mandated arbitration to settle any disputes. The article provides that the "award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law . . . ." The arbitration and subsequent award are essentially a forced settlement of a contract suit. In the present case, the interests of the trustees and beneficiary of the deed of trust are not threatened, as they were in the cases cited by defendant; hence the rationale underlying those cases does not apply. The order submitted by plaintiff's counsel to implement the arbitration award simply grants judgment to Del Ray in the amount of $7,211.55. In contrast, the lower court decisions at issue in *Walt Robbins* and *Mendenhall* ordered sale of the properties involved. The arbitration award in the instant case superseded the mechanic's lien suit, *Equitable Insurance Company v. Stieffens*, 154 Va. 281, 289 (1930), making defendant's objections to the original mechanic's lien suit irrelevant. Entry of a monetary judgment in favor of Del Ray does not present an immediate and identifiable threat to the interests of the trustee and beneficiary sufficient to apply the rationale of *Mendenhall* and *Walt Robbins*.

The Court denies defendant Greenwood's motion to reconsider because the joinder issue that he raises became immaterial once the case was referred to arbitration. Defendant himself demanded that the case go to arbitration, and the Code of Virginia provides that neither litigant has any right "to revoke an agreement to arbitrate except on a ground which would be good for revoking or annulling other agreements." Va. Code Ann. § 8.01–577(B) (1991 Supp.). The interests of the trustee and beneficiary of a deed of trust are not compromised by granting judgment to Del Ray on their claim. The arbitration award is affirmed.