## CIRCUIT COURT OF FAIRFAX COUNTY

George H. Cooper et al.

v.

Frances J. Connelly et al.

November 24, 1993

Case No. (Chancery) 125618

BY JUDGE THOMAS S. KENNY

This case presents the question of whether or not the defendants' cross-bill of complaint should be dismissed for failure to join necessary parties.

The complainants, a group of lot owners residing in the Fairfax Hills subdivision, filed a bill of complaint on April 22, 1992. The complainants moved the court in the bill to enjoin the defendants from subdividing and selling the subdivided portions of their lot 52B located in the Fairfax Hills subdivision and to vacate the recordation of the plat reflecting the resubdivision of the defendants' lot into lots 52C, 5, and 52E. In support of the requested relief, the complainants allege that the defendants resubdivided their lot in Fairfax Hills in violation of paragraph 6 of the subdivision's restrictive covenants, which paragraph provides that no lot may be subdivided without the prior written consent from either the dedicator of the subdivision or his assigns.

The defendants answered the bill of complaint in part by filing a cross-bill of complaint on November 25, 1992. The cross-bill of complaint requested the court to enforce the restrictive covenant pertaining to resubdivisions against the complainants who filed the original bill of complaint, in the event that the court ruled that the restrictive covenant was valid and enforceable against the defendants answering the original bill of complaint. Thus, if the restrictive covenants are found enforceable, the cross-complainants ask the court to enjoin the cross-defendants from further use or sale of their lots in Fairfax Hills that

have been resubdivided previously in violation of the restrictive covenant and to vacate the plats which created cross-defendants' lots 51B, 16A, 53A, 145A, and 54A for nonconformity with the applicable restrictive covenants.

The cross-defendants have responded to the cross-bill of complaint in part by moving the court to dismiss the cross-bill for failure to join necessary parties. I heard this motion on November 19, 1993. At the hearing and in the supporting memorandum, counsel for cross-defendants argued that if the relief sought by cross-complainants in the cross-bill of complaint is granted, the title and ownership of lots either currently or previously owned by other homeowners in Fairfax Hills and the status of purchase money deeds of trust held by various lenders would be challenged, even though these third parties were not joined as parties to the cross-bill of complaint. While I reserved my ruling on the motion to dismiss the cross-bill for failure to join necessary parties, I now agree with cross-defendants and will grant the motion to dismiss the cross-bill, but the cross-complainants may file a new bill of complaint joining all necessary parties, if they are so advised.[1]

The common law of Virginia has provided a standard for determining if an individual should be considered a necessary party to an action at law or suit in equity. In *Mendenhall v. Cooper*, 239 Va. 71, 75 (1990), the Virginia Supreme Court held that a necessary party must satisfy the following test:

> Where an individual is in the actual enjoyment of the subject matter or has an interest in it, either in possession or in expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to this suit.

The rationale of this test is that an individual should only be deprived of property after adequate notice and an opportunity to be heard. *Allen*

---

[1] Notwithstanding the fact that I have granted the relief requested, I cannot refrain from commenting unfavorably on the conduct of complainants' counsel in bringing this motion on barely a week before trial, while the offending cross-bill has been pending *for a year*. Rather than allow the court and opposing counsel an opportunity to deal with this problem in a timely fashion so that all matters involved in the bill and cross-bill could be expeditiously resolved, the court will now most likely have to have a second extended trial on many of the same issues, with all the associated expense to the parties herein and to the court system as a whole.

*v. Chapman*, 242 Va. 94 (1991). If all such necessary parties have not been joined in the legal or equitable matter, the court may not proceed. *Kane, Inc. v. Nuscope, Inc.*, 243 Va. 503 (1992).

Here, the cross-complainants request the court to vacate the plats creating the lots now owned by the named cross-defendants. If the creation of the cross-defendants' lots violated the restrictive covenant and such creation was treated as a nullity by the court, the other lots that were separated from the cross-defendants' lots would also no longer be independent of the original, undivided lots. Such a potential loss of ownership and title rights in these other lots would substantially infringe upon the possession and immediate enjoyment of such lots by the current owners, the very concern recognized by the *Mendenhall* court when it formulated a standard for identifying necessary parties to a suit. Thus, the cross-bill of complaint cannot proceed without proper joinder of such other parties whose interests would be so affected by the relief requested by cross-complainants.

However, the Rules of the Supreme Court of Virginia distinguish between actions at law and suits in equity with respect to the severability of the trial of any cross-bills or cross-claims. While Rules 3:9 and 3:10 permit the court in its discretion to separate the trial of a cross-claim from the trial of the original motion for judgment, Rules 2:13 and 2:14 do not contain similar language providing the court with the power to separate the trial of the cross-bill of complaint from the trial of the original bill of complaint. My only alternative is to dismiss the cross-bill of complaint.

Therefore, the trial of the original bill of complaint will commence as scheduled on November 30, 1993. The cross-bill of complaint will be dismissed, but the cross-complainants have leave to file a new bill of complaint joining all necessary parties, if they are so advised.