# CIRCUIT COURT OF THE CITY OF RICHMOND

Patrick R. Gray et al.

v.

Virginia Secretary of
Transportation et al.

October 24, 2008

Case No. CL07-203-4

BY JUDGE MARGARET P. SPENCER

This matter is before the Court on a Motion for Summary Judgment filed by Defendants, Virginia Secretary of Transportation, Commonwealth Transportation Board, Virginia Commissioner of Transportation, and Virginia Department of Transportation, and a Cross-Motion for Summary Judgment filed by the Plaintiffs, Patrick R. Gray and James W. Nagle. The Court has considered the pleadings, motions, memoranda, arguments, and applicable law. The Court finds that MWAA is a necessary and indispensable party to this action, that it cannot be joined, and this action cannot proceed without MWAA. The Defendants' Motion for Summary Judgment is granted. The Plaintiffs' Cross-Motion for Summary Judgment is denied.

## I. *Background*

The following facts are undisputed.

The real estate on which the Dulles Access Road and the Dulles Toll Road have been constructed is owned by the federal government. The United States granted an easement to Virginia that was adequate to accommodate construction of the Dulles Toll Road. The United States retains title to the land. (Am. Compl. ¶ 37.) The easement, which was granted in 1983, will terminate in ninety-nine years (in 2082) if certain contingencies occur. (*Id.* ¶ 39.)

There are three agreements between by the Executive Branch of the Commonwealth and the Metropolitan Washington Airports Authority ("MWAA") that are at issue in this case. Each agreement is in the record and incorporated by reference in the Amended Complaint. The three agreements are as follows: the March 24, 2006, Memorandum of Understanding ("2006 MOU"); the December 29, 2006, Master Transfer Agreement relating to the Dulles Toll Road and the Dulles Corridor Metrorail Project ("Master Transfer Agreement"); and the December 29, 2006, Dulles Toll Road Permit and Operating Agreement ("DTR Permit"), which is an attachment to the Master Transfer Agreement. (Am. Compl. Ex. 1, 7.) The language of the three agreements is not in dispute; however, the inferences to be drawn from these agreements are in dispute.

## II. *Procedural History*

On January 11, 2007, Plaintiffs filed a Complaint for Declaratory Judgment seeking that the Court find the agreements between the Defendants and MWAA (a defendant in this initial Complaint) invalid unless and until approved by the Virginia General Assembly and to enjoin any transfer of the Dulles Toll Road until approved by the Virginia General Assembly. (Compl. ¶ 2.) Defendants (including MWAA) filed a Demurrer and Plea in Bar asserting the Complaint did not state a cause of action against MWAA and the Plaintiffs' claims were barred by the doctrines of sovereign immunity and separation of powers. (Defs.' Dem. ¶¶ 1-3.) Plaintiffs filed their First Amended Complaint with leave of the Court on March 6, 2007. (Am. Compl.) On March 9, 2007, the Court sustained the Defendants' Demurrers and Pleas in Bar and dismissed the Plaintiffs' action against the Defendants. (Ct. Order.)

The Plaintiffs appealed this decision to the Supreme Court of Virginia, arguing that the Virginia Constitutional provisions at issue in the case were self-executing. The Supreme Court agreed with the Plaintiffs and held that, because the Constitutional provisions at issue were self-executing, the Commonwealth had waived sovereign immunity. The case was remanded to this Court for further proceedings.

The Plaintiffs filed an Amended Complaint on July 11, 2008, seeking a declaratory judgment and injunctive relief against the Virginia Secretary of Transportation, Commonwealth Transportation Board, Virginia Commissioner of Transportation, and the Virginia Department of Transportation, but not against MWAA. (First Am. Compl.) Defendants responded by filing a Motion for Summary Judgment on August 15, 2008, alleging that (1) the amended complaint should be dismissed because MWAA is an indispensable party, (2)

executive branch actions are presumed constitutional, (3) the executive branch actions are authorized by law, (4) there has been no delegation of the taxing power, (5) tolls collected by MWAA are not revenues of the Commonwealth, and (6) the DTR permit does not violate the Commonwealth's power to regulate corporations. (Defs.' Mot. for Summ. J.)

Plaintiffs filed a Cross-Motion for Summary Judgment and Memorandum in Support of Their Cross-Motion for Summary Judgment and in Opposition to Defendants' Motion for Summary Judgment on August 29, 2008, alleging that (1) the Defendants failed to refute Plaintiffs' claim that the transfer of assets of the Commonwealth by the Defendants was not authorized by the General Assembly and therefore unconstitutional, (2) Defendants failed to refute Plaintiffs' claim that the transfer and surrender by Defendants of responsibility and authority for direction and supervision of the Dulles Toll Road was unauthorized by the General Assembly and therefore unconstitutional, (3) the Defendants failed to refute Plaintiffs' claim that the transfer and surrender of Defendants' responsibility and authority for setting and collecting tolls was unauthorized by the General Assembly and therefore unconstitutional, (4) Defendants violated the Constitution by delegating, transferring, and assigning taxing power to MWAA, (5) Defendants violated the Constitution by executing a contract that authorizes MWAA to retain revenues of the Commonwealth rather than deposit those revenues in the state treasury, and (6) that MWAA is not an indispensable party. (Pls.' Cross-Mot. for Summ. J.)

The Defendants filed a Reply to Plaintiffs' Cross-Motion for Summary Judgment alleging that (1) MWAA's absence requires dismissal, (2) Counts I-III should be dismissed because the broad powers granted by the General Assembly to the executive branch included the power to enter into the MWAA transaction, (3) Count IV must be dismissed because the tolls are not taxes, and (4) Count V is without merit because tolls collected by MWAA are not revenues of the Commonwealth. (Defs.' Reply to Pls.' Cross-Mot. for Summ. J.)

Plaintiffs in response filed Plaintiffs' Reply in Support of Their Cross-Motion for Summary Judgment asserting that (1) Defendants failed to refute the Plaintiffs' claim in Count I that the transfer of assets of the Commonwealth by the Defendants was not authorized by the General Assembly and therefore violated the Constitution, (2) Defendants failed to refute the Plaintiffs' claim in Count H that the transfer and surrender by the Defendants of responsibility and authority for the direction and supervision of the Dulles Toll Road was unauthorized by the General Assembly and therefore violated the Constitution, (3) Defendants failed to refute Plaintiffs' claim in Count III that the transfer and surrender of the Defendants' responsibility and

authority for setting and collecting tolls on the Dulles Toll Road was unauthorized by the General Assembly and therefore unconstitutional, (4) Defendants violated the Constitution by delegating, transferring, and assigning taxing power to MWAA, (5) Defendants violated the Constitution by executing a contract that authorizes MWAA to retain revenues of the Commonwealth rather than deposit those revenues in the state treasury, and (6) MWAA is not an indispensable party.

## III. *Summary Judgment*

A trial court may enter summary judgment only where no material facts are genuinely in dispute. *Jackson v. Hartig*, 274 Va. 219, 232, 645 S.E.2d 303, 310 (2007); *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189, 192 (1993) (citing Va. Sup. Ct. R. 3:18 (now Va. Sup. Ct. R. 3:20)). This occurs where the moving party is entitled to judgment as a matter of law, and the court may grant summary judgment upon all or part of a claim. *Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780, 783 (2003). The court must "adopt those inferences from the facts that are most favorable to the nonmoving party, 'unless the inferences are strained, forced, or contrary to reason'." *Carson*, 245 Va. at 139-40, 427 S.E.2d at 192 (citation omitted). Further, in reviewing motions for summary judgment, the court can consider undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions. *Hansen v. Stanley Martin Cos.*, 266 Va. 345, 351, 585 S.E.2d 567, 571 (2003). Both Plaintiffs and Defendants acknowledge the absence of any material facts genuinely in dispute, and Defendants are entitled to judgment as a matter of law on their claims.

## IV. *Analysis*

### A. *MWAA is a Necessary and Indispensable Party*

This Court's analysis begins with addressing Rule 3:12 of the Rules of the Supreme Court of Virginia, which governs the joinder of parties. Rule 3:12(a) provides that:

A person who is subject to service of process may be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's

absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest of the person to be joined. . . .

Va. Sup. Ct. R. 3:12(a). Rule 3:12(c) further provides, "[i]f a person as described in subdivision (a) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Va. Sup. Ct. R. 3:12(c). In addition, the Rule provides four factors for consideration by the court in determining whether a party is indispensable. The factors are as follows: "first, to what extent a judgment rendered in the person's absence might be prejudicial to the absent person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Va. Sup. Ct. R. 3:12(c).

The Court finds that MWAA is a necessary party to the action. In *Gaddess v. Norris*, 102 Va. 625, 46 S.E. 905 (1904), the Supreme Court of Virginia stated that "[a]ll persons interested in the subject matter of a suit and to be affected by its results are necessary parties." In this case, MWAA is certainly "interested in the subject matter" of the suit and will "be effected by its results." MWAA is the other party to the agreement with the Commonwealth to transfer control of the Dulles Toll Road, which the Plaintiffs seek to invalidate, The Supreme Court of Virginia reiterated this notion in *Asch v. Friends of the Community of Mount Vernon Yacht Club*, 251 Va. 89, 465 S.E.2d 817 (1996), when it stated "[w]here an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the plaintiff's claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit." In this case, because the Plaintiffs seek to invalidate the agreement between the Commonwealth and MWAA, MWAA has an interest or expectancy that is "likely to be defeated or diminished" by the Plaintiffs' claims,

One need look no further than Plaintiffs' Complaints for support of this Court's finding that MWAA is a necessary party. The Plaintiffs, in their original complaint, joined MWAA as a party because it was a party to the

agreements with the Virginia Department of Transportation at issue in this case. (Compl.) The July 2008 Amended Complaint seeks a declaratory judgment invalidating the agreements between the Defendants and MWAA and an injunction prohibiting the transfer of the Dulles Toll Road or related assets or responsibilities to MWAA. Further, the Plaintiffs, in their Consolidated Memorandum in Opposition to Defendants' Demurrers and Pleas in Bar, filed with the Court on February 20, 2007, asserted that "[i]f the MWAA, as a party to the contract challenged here by plaintiffs, is dismissed from this suit, its rights and interest under that contract may be affected . . . [i]ndeed, plaintiffs seek to void the entire contract between the MWAA and VDOT." (Pls.' Consolidated Mem. in Opp'n to Defs.' Dem. and Pleas in Bar 11.)

Once the Court finds that a party is necessary to the action, it will then determine whether the party can be joined as a litigant. If a party cannot be joined, a Court must then determine whether in "equity and good conscience" the case can proceed without that "indispensable" party. *Republic of the Philippines v. Pimentel*, 128 S. Ct. 2180, 2188 (2008). In this case, MWAA successfully asserted a sovereign immunity claim and Plaintiffs did not challenge the claim on appeal. MWAA cannot be joined as a party. Therefore the question presented is whether MWAA is an indispensable party, such that in "equity and good conscience" the Court should allow the action to proceed without MWAA.

B. *MWAA Is an Indispensable Party, and the Case in "Equity and Good Conscience" Must Be Dismissed*

In *Mendenhall v. Cooper*, 239 Va. 71, 74, 387 S.E.2d 468, 470 (1990), the Supreme Court of Virginia held that, although the failure to include proper (sometimes called "necessary") parties is not grounds for dismissing a suit, the failure to join necessary (sometimes called "indispensable") parties is. The Court stated that "[a] court is powerless to proceed with a suit unless all necessary parties are properly before the court." *Id.* The Court noted that it had previously held that "a [necessary party's] interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed." *Id.* Here, MWAA's interest in "the relief sought," a declaratory judgment invalidating its contract, is "so bound up" with the Defendants' interests that MWAA's "legal presence" is an "absolute necessity" without which the Court cannot proceed."

Further, in *Bonsai v. Camp*, 111 Va. 595, 601, 69 S.E. 978 (1911), the Supreme Court of Virginia held that, "on a bill to rescind a contract, all those substantially interested in the contract should be parties, unless the interests are separable; and if the case can be completely decided as between the parties, the fact that an interest exists in another whom the court cannot reach by process will not prevent a decree; but that the converse of the proposition is also true, that if an interest does exist in another, by reason of whose absence the case cannot be completely decided as between the parties, and whom the court cannot reach by process, that fact will prevent a decree."

Plaintiffs rely on *Arkansas v. Texas*, 346 U.S. 368 (1953), in arguing that MWAA is not an indispensable party. In *Arkansas*, the state of Texas sought to enjoin a contract between the University of Arkansas and a foundation. The United States Supreme Court held that the foundation was not an indispensable party in that case because the true controversy was between Texas and Arkansas and not the foundation. In the present case, however, although MWAA is not a party to the action, the Plaintiffs seek to invalidate an agreement between MWAA and the Commonwealth, and not between the Plaintiffs and the Commonwealth. MWAA is not merely a third party, as the foundation was in *Arkansas*. Therefore Plaintiffs' reliance on this case is misplaced.

### 1. *The Four Factor Test*

In determining whether a case can proceed in "equity and good conscience" without an indispensable party, this Court also considered a four-factor test in Rule 3:12(c), which is similar to the test in Rule 19 of the Federal Rules of Civil Procedure.

The first factor to consider is "to what extent a judgment rendered in the person's absence might be prejudicial to the absent person or those already parties. . . ." Va. Sup. Ct. R. 3:12(c). It is clear that MWAA has a clear interest in the outcome of this litigation as they are the other party to the agreements that the Plaintiffs seek to invalidate. Although the Plaintiffs claims are not against the MWAA, but instead are against the Commonwealth, the MWAA will be seriously affected by the outcome of the case because the agreements might be completely invalidated. Clearly, MWAA will be prejudiced by any adverse decision rendered in its absence.

There is an exception to this first factor. If the absent party's interests are adequately represented by a present party in the case, the absent party will not be prejudiced, and therefore the case could continue in their absence. This exception was discussed in *National Union Fire Ins. Co. v. Rite Aid of South*

*Carolina, Inc.*, 210 F.3d 246, 251 (4th Cir. 2000). Although, in that case, the Fourth Circuit noted that an absent party can sometimes be adequately represented by a present party, the Court stated that "[a] court should hesitate to conclude, however, that a litigant can serve as a proxy for an absent party unless the interests of the two are identical." The Plaintiffs rely on this exception and assert that MWAA is adequately represented through the Commonwealth and the law firm of Hunton and Williams. Plaintiffs cite to *Hechman v. United States*, 224 U.S. 413, 444-46 (1912), where the United States Supreme Court held that it was not necessary to make the Native American grantors parties to the suit because the plaintiff (the United States) could adequately represent their interests. In that case, the United States Supreme Court noted that the Native American grantors were dependents of the United States, "whom Congress, with respect to the restricted lands, has not yet released from tutelage." *Id.* The Court further noted that the United States undertook the suit to represent the Native American grantors and that it in fact did represent them. *Id.*

In the present case, MWAA is not a dependent of the Commonwealth, and the Commonwealth did not bring an action to protect MWAA's interests. Rather, Plaintiffs brought an action and originally joined both MWAA and the Commonwealth as parties because MWAA and the Commonwealth were the two parties to the agreements sought to be invalidated by the Plaintiffs.

MWAA and the Commonwealth do not have identical interests in the agreements, and therefore MWAA's interests are not adequately protected in a suit in which MWAA is not a party. First, where there are two parties on opposite ends of a contract, their interests cannot be identical. Under the agreements in this case, the Commonwealth and MWAA are on opposite ends of the agreements; as the Commonwealth seeks to transfer control and MWAA seeks to gain control over not just the Dulles Toll Road but also over the tolls to be generated by the road. Second, the Commonwealth has broad governmental interests in the health and welfare of citizens of Virginia, including those in Northern Virginia. MWAA on the other hand, has interests in running the Dulles and Reagan Airports, constructing the Dulles Corridor and Metrorail project, and improving and maintaining the Dulles Toll Road. Included within the scope of MWAA are the citizens of the District of Columbia as well as Maryland, who are outside the interests of the Commonwealth.

Another important element to consider within the first factor analysis was raised in the recent United States Supreme Court case of *Republic of the Phillipines v. Pimentel*, 128 S. Ct. 2180 (2008), where the Court addressed Rule 19 of the Federal Rules of Civil Procedure, which is analogous to Rule

3:12 of the Rules of the Supreme Court of Virginia. In *Pimentel*, the Court held that, "where sovereign immunity is asserted and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign," In this case, MWAA has sovereign immunity, the claims are not frivolous, and there is a serious potential for injury to the absent "sovereign." Additionally, in *Provident Tradesmen's Bank v. Patterson*, 390 U.S. 102 (1968), the U.S. Supreme Court stated "the decision whether to dismiss . . . must be based on factors varying with different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests . . . when a necessary party is immune from suit, there is very little room for balancing of other factors, since this 'may he viewed as one of those interests compelling by themselves'." Based on *Pimentel* and *Provident Tradesmen's Bank*, factor one weighs heavily in favor of dismissal.

The second factor to consider is "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided. . . ." Va. Sup. Ct. R. 3:12(c). There does not appear to be a way to shape the relief or provide a protective provision to lessen the prejudice to MWAA because the relief sought by the Plaintiffs is to invalidate the agreements, in their entirety, between the Commonwealth and MWAA. This second factor also weighs in favor of dismissal.

The third factor to be considered by the court is "whether a judgment rendered in the person's absence will be adequate." Va. Sup. Ct. R. 3:12(c). A judgment without MWAA would not be "adequate" because MWAA, although potentially prejudiced, would not be bound by any decision because it is not a party to the proceedings.

The fourth factor to be considered by the court is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." This factor is certainly the strongest factor weighing in favor of the Plaintiffs. However, it is not conclusive. The U.S. Court of Appeals for the D.C. Circuit in *Wichita etc. Affiliated Tribes of Oklahoma v. Hodel*, 788 F.2d 765 (D.C. Cir. 1986), stated "[w]hile a court should be extra cautious in dismissing a case for nonjoinder where the plaintiff 'will not have an adequate remedy elsewhere,' it is also important to realize that 'this does not mean that an action should proceed solely because the plaintiff otherwise would not have an adequate remedy, as this would be a misconstruction of the rule and would contravene the established doctrine of indispensability'." The Court further noted that "[a]lthough we are sensitive to the problem of dismissing an action where there is no alternative forum, we think the result is less troublesome in

this case than in some others." The Court then noted that the indispensable party was a Native American tribe with sovereign immunity and that it was not "a case where some procedural defect such as venue precludes litigation of the case."

The Plaintiffs rely on *Swartz v. Beach*, 229 F. Supp. 2d 1239, 1273-74 (D. Wyo. 2002), where the U.S District Court for the District of Wyoming held the action could not be dismissed in "equity and good conscience" because the plaintiff in that case would have been without other remedies in the state. The facts in that case differ significantly from the facts in the present case. In *Swartz*, the plaintiff's ranch would be destroyed by the State's inaction and the actions of the defendant. The court held the fact that the plaintiff had no alternative forum outweighed the prejudice to the defendants. Additionally, the court determined it could shape relief in such a way as to reduce the chance of prejudice to the defendants. In the present case, however, the plaintiffs do not have property threatened by imminent destruction, and the relief could not be shaped to avoid prejudice to MWAA, when the agreements to be invalidated are between MWAA and the Commonwealth.

Although the Plaintiffs in this case claim they would not have another forum if the case were dismissed for nonjoinder, the other three factors weigh heavily in favor of dismissal. The first factor regarding sovereign immunity is particularly significant. When balancing this fourth factor with the other three factors, the factors still weigh in favor of dismissal.

### 2. Conclusion

The Court concludes that MWAA is an indispensable party. In "equity and good conscience" the case cannot proceed without MWAA because it is protected by sovereign immunity and it will be seriously prejudiced by any negative decision.