INDUSTRIAL CARBON
CORPORATION,
Plaintiff,

v.

EQUITY AUTO & EQUIPMENT
LEASING CORPORATION and
Dhafir D. Dalaly, Defendants.

Civ. A. No. 89–0182–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

May 23, 1990.

Russell M. Large, Grundy, Va., for plaintiff.

Howard C. McElroy, Abingdon, Va., for defendants.

MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

The case is before the court on the defendants' motion to dismiss for lack of person-

al jurisdiction, or in the alternative, to transfer venue. The court has subject matter jurisdiction of the case pursuant to 28 U.S.C. § 1332.

## PROCEDURAL BACKGROUND

This action stems from a dispute over the financing of mining equipment between the plaintiff, Industrial Carbon Corporation ("Carbon"), a Virginia corporation, and the defendant, Equity Auto & Leasing Corporation ("Equity"), a Michigan corporation. Carbon filed this case in Buchanan County Circuit Court against Equity and Mr. Dhafir D. Dalaly, a Senior Vice President of Equity, alleging breach of contract, breach of fiduciary duty and fraud. Carbon seeks both compensatory and punitive damages. The case was removed to this court.

## ANALYSIS

### I.

#### Standard for Ruling on Motion to Dismiss

When a federal district court is ruling upon a defendant's motion to dismiss for lack of personal jurisdiction, solely on the basis of affidavits, the plaintiff is required only to present a prima facie case for personal jurisdiction.[1] However, where the defendant has provided evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence. *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F.Supp. 559, 565 (M.D.N.C.1979). When conflicting facts are contained in the affidavits, they are to be resolved in the plaintiff's favor. *Behagen*, 744 F.2d at 733; *Brown*, 688

F.2d at 332 (citing *United States Ry. Equip. Co. v. Port Huron & Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir.1974)).

#### Evidence Submitted by Plaintiff

The plaintiff has submitted evidence, the affidavit of Elzie Yates ("Yates Affidavit"), in support of the following facts regarding the jurisdictional issue which must be taken as true for the purposes of this motion. Mr. Yates was President of Carbon during the events in question.

Mr. Yates was first contacted by Mr. Street, a broker, who was to be paid by Equity, and was advised by Mr. Street that Equity was one of the largest auto leasing companies in the nation. He then met with Equity representatives, who convinced him that Equity would provide financing services to Carbon.

Equity sent to Mr. Yates a financing proposal or bid dated May 1, 1989, styled as a sale-leaseback proposal.[2] Equity proposed, *inter alia*, to buy certain equipment located in Buchanan County, Virginia and lease it to Carbon. The equipment was to remain in Buchanan County. On or about May 5, 1989, Mr. Yates called Dennis Lynch of Equity, at his office in Michigan, and stated that he wished to amend the proposal. Mr. Lynch agreed to the amendments and requested that Mr. Yates mail to Equity the deposit as required under the proposed contract. The same day, Mr. Yates signed the amended proposal in Bristol, Virginia and then forwarded one copy to Equity along with a deposit of $36,661.19.

The plaintiff alleges that a contract was entered into by Equity and Carbon and the Yates Affidavit asserts that an agent of Equity, Mr. Lynch orally agreed to the terms of the written proposal, as amended by Carbon. Equity contests this assertion

---

**1.** *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *Data Disc, Inc. v. Sys-*

*tems Technology Assocs.*, 557 F.2d 1280, 1285 (9th Cir.1977).

**2.** The Yates Affidavit notes that this document was filed as an attachment to the affidavit of Mr. Dhafir D. Dalaly, which was filed by the defendants. As all the litigants appear to accept the authenticity of the document, the court will consider the document in ruling on the motion.

and has offered evidence that Mr. Lynch never agreed to this. Affidavit of Dennis Lynch. However, as noted earlier, when ruling on a motion to dismiss for lack of personal jurisdiction solely on the basis of affidavits, the affidavits submitted by the plaintiff must be regarded as true.

Presumably, Equity could renew its motion and have an evidentiary hearing on the issue of whether Mr. Lynch made such an agreement and thus executed a contract on behalf of Equity. Because of the possibility of a renewed motion and because the lack of an executed contract would not change the court's ruling on this motion, the court concludes that judicial economy would be promoted by assuming, for the purpose of ruling on this motion, that there was no executed contract and the court will accordingly make that assumption.

The above facts may be summarized as follows for purposes of the motion to dismiss. Equity offered, through a written proposal, to purchase equipment and to lease it to Carbon. At least some of the equipment was to be located in Western District of Virginia. The written proposal was altered by Mr. Yates and thus converted into a counter-offer, which was mailed to Equity, along with a deposit, for its acceptance. Equity never accepted the counter-offer but nonetheless kept the deposit.

### Personal Jurisdiction Standard

■ Because the court has jurisdiction based on the diversity of citizenship of its litigants, the court must obtain personal jurisdiction over the defendants pursuant to the state law of the forum, which is Virginia. *See Viers v. Mounts*, 466 F.Supp. 187, 189 (W.D.Va.1979). Virginia, through its long-arm statute, allows Virginia courts to exercise personal jurisdiction over a defendant as to a cause of action arising from his "transacting any business" in Virginia. Va.Code.Ann. § 8.01–328.1. The Supreme Court of Virginia, in construing the "transacting business" provision, stated that the function of the long-arm statute was to provide for the exercise of personal jurisdiction over "non-

residents who engage in some purposeful activity in [Virginia] to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 259, 377 S.E.2d 388, 391 (1989), *cert. denied*, —— U.S. ——, 109 S.Ct. 3248, 106 L.Ed.2d 594 (1989). Therefore, the real limitation on the exercise of personal jurisdiction under the "transacting business" provision is the Due Process Clause of the Fourteenth Amendment.

This court, in *Viers v. Mounts*, examined the new theoretical framework for analyzing personal jurisdiction questions under the Due Process Clause as mandated by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. 466 F.Supp. at 190. It noted that to justify the exercise of personal jurisdiction over a nonresident, "the non-resident must have certain 'minimum contacts' with the forum which evince his [purposeful availment] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). A single act with a nexus to the forum state committed by the nonresident may be a contact sufficient to justify the exercise of personal jurisdiction over him. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

### Corporation

■ The defendant Equity in this case proposed to lease personal property to the plaintiff which would be owned by Equity and would remain in Virginia during the entire period of the lease, which was several months. The court is aware that while the proposed transaction was in the form of a sale-leaseback, the transaction was, in substance, a financing arrangement. Nonetheless, the form of the proposed transaction was significant because it would have enabled Equity to enjoy certain rights as an owner of the property that it would not have otherwise enjoyed had the proposed transaction been that of a simple loan of money.

The court concludes that under the proposed contract, Equity would have purposely invoked the benefits and protections of Virginia law as an owner of property located in Virginia and leased to a Virginia citizen; Equity therefore would have been subject to the personal jurisdiction of a Virginia court in regards to that property or to its leasing had the contract been executed. The more difficult question is whether Equity is subject to the personal jurisdiction of the court in the absence of an executed contract.

The proposed contract by Equity consisted of a four page letter with detailed terms tailored to the particular situation of Carbon. The letter appeared to set forth the essential terms of the contract and had a place on the letter for Carbon to indicate its acceptance of the terms.

The letter did have a caveat providing that "[t]his Lease Proposal is subject to final credit approval by Equity Auto & Equipment Leasing Corp. Final terms and conditions will be established by Equity Auto & Equipment Leasing Corp. during such review." However, it appears that the offer in the letter, if it had been accepted by Carbon without change, would have bound Equity and that Equity could have avoided its contractual obligations only if Equity had acted reasonably in denying credit approval or in proposing final terms and conditions which were reasonable but which Carbon rejected, or if Carbon had in some way breached the agreement.

A recent United States Supreme Court decision has emphasized that a principle guiding the application of the Due Process Clause to personal jurisdiction is that potential defendants should have the ability "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

The court has already concluded that an executed contract between Equity and the plaintiff, a Virginia citizen, requiring Equity to lease to the plaintiff personal property which Equity owned and which was located in Virginia would make Equity subject to suit in Virginia on the contract. Because Equity granted to Carbon, by sending it the proposal, the power to consummate such a contract with it, and because Equity encouraged Carbon to send a deposit to it as called for in the proposal, the court concludes that it is reasonable to hold Equity liable to suit in this court in regard to the proposed contract.[3] By sending the proposal and requesting and accepting the deposit, Equity chose not to structure its conduct so as to be assured that its conduct would not render it liable to suit in Virginia.

The authorities which the defendants cite in support of their position are easily distinguished. The defendants cite *Viers v. Mounts*, 466 F.Supp. 187 (W.D.Va.1979), for the proposition that mere contract negotiations in the forum state are insufficient to confer personal jurisdiction. However, this court in *Viers* emphasized that an important factor in its ruling was that the site of performance of the contract which was negotiated was not in the forum state, *id.* at 191, unlike that of the proposed contract in the instant case.

The defendants cite also *Medeco Security Locks, Inc. v. Fichet–Bauche*, 568 F.Supp. 405, 408 (W.D.Va.1983), for the proposition that mailings by a defendant to the plaintiff who is in the forum state are not sufficient contacts to confer personal jurisdiction. However, that proposition is not set forth in the opinion. *Id.* Furthermore, the mailings in *Medeco* consisted of advertisements in national publications and a letter to the plaintiff informing it of the defendant's patent; the letter contained no offer which could have been accepted by the Virginia plaintiff. *Id.*

---

3. Allowing suit on the proposed contract while assuming there was no executed contract is not inconsistent. Because Carbon has pled facts alleging that Equity has retained a deposit made by Carbon pursuant to the proposed contract, the modern rules of pleading regard that as sufficient to constitute an alternative claim based on quasi-contract or restitution as well as breach of contract.

*Corporate Agent*

█ Mr. Dalaly is being sued in this case for various torts related to actions taken by him as agent for Equity. The rationale used for concluding that this court has personal jurisdiction over Equity does not apply to Mr. Dalaly since he was not or would not have been a party to the sale-leaseback contract.

The Fourth Circuit has recognized that there are circumstances where the Due Process Clause allows, in regard to a tort claim, the exercise of personal jurisdiction over a non-resident corporation but not over a corporate agent who was involved in the commission of the alleged tort. *Columbia Briargate Co. v. First Nat. Bank,* 713 F.2d 1052, 1060 (4th Cir.1983) (citing *Idaho Potato Com'n. v. Washington Potato Com'n,* 410 F.Supp. 171 (D. Idaho 1975), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984). If the corporate agent did not come into the forum state and commit the alleged tort while there, the "contacts" created by the commission of the tort are insufficient to justify the exercise of personal jurisdiction over that agent even though they may be sufficient to justify the exercise of it over the corporation. *Id.* at 1061.

Mr. Dalaly did not commit any acts in Virginia related to the alleged torts. There is uncontroverted evidence that he was never physically present in Virginia in regard to the alleged tortious acts. Dalaly Affidavit. And the mailing of the proposed contract from outside of Virginia does not constitute an act committed in Virginia. Therefore, the court concludes that it may not exercise personal jurisdiction over Mr. Dalaly in this action.

## II.

In the alternative to its motion to dismiss, Equity moves the court to transfer this case to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). A party moving for transfer under § 1404(a) has the burden of showing that the existing forum is inconvenient, and the plaintiff's choice of forum is to be given considerable weight. *E.g., Tex. E. Transmission Corp. v. Marine Office–Appleton & Cox Corp.,* 579 F.2d 561, 567 (10th Cir.1978). Equity has failed to demonstrate that this forum is so inconvenient as to outweigh the presumption that the plaintiff should be allowed to litigate in the forum which he chooses.

## CONCLUSION

Because the court concludes that it may exercise personal jurisdiction over Equity, the court DENIES its motion to dismiss for lack of personal jurisdiction. Additionally, Equity has failed to meet their burden of demonstrating that venue should be changed. Thus, the court DENIES its motion to change venue. However, because the court concludes that it may not exercise personal jurisdiction over Mr. Dalaly, it GRANTS his motion to dismiss for lack of personal jurisdiction.