## AIR POWER, INC.

v.

## KENNETH O. THOMPSON, ET AL.

Record No. 920361

November 6, 1992

Present: All the Justices

*David Hugh Boyd* for appellant.

*Christopher C. Nolan (William T. Freyvogel; Adams, Porter & Radigan,* on brief), for appellees Kenneth O. Thompson, Trustee, Spencer R. Stouffer, Trustee and Ken Thompson Properties Joint Venture.

No brief or argument for appellees Junius S. Morgan, Trustee; Fred J. Rice, III, Trustee; and American Security Bank, N.A.

JUSTICE LACY delivered the opinion of the Court.

In this case we consider whether the beneficiary of a land trust is a necessary party to an action to enforce a mechanic's lien.

Kenneth O. Thompson and Spencer R. Stouffer were named as trustees of a 141.31763 acre tract of land under a recorded land trust deed. The deed recites that the trustees hold title to the property for Ken Thompson Properties Joint Venture (KTPJV), the beneficiary, pursuant to an unrecorded trust agreement. In their capacity as trustees, Stouffer and Thompson contracted with Land Works, Ltd., for the construction of streets, sewers, and related structures for the development of the tract. Land Works subcontracted with Air Power, Inc., to perform the drilling and blasting work required for the project.

Land Works defaulted on payments due Air Power for the work performed, and, on September 20, 1990, Air Power perfected a mechanic's lien for $208,159.85 against the tract of land. In March 1991, Air Power filed this suit to enforce its lien and named Stouffer and Thompson as defendants in their capacity as trustees

for the land trust, but did not name KTPJV, the beneficiary of the land trust.*

Thompson filed a demurrer to the bill of complaint stating that it failed to name KTPJV as a party defendant. The motion was sustained by the court, finding that KTPJV's interest in the property "could be defeated or diminished by the lienor's claim," and, therefore, under the rationale of *Mendenhall* v. *Cooper*, 239 Va. 71, 387 S.E.2d 468 (1990), that KTPJV was a necessary party to the enforcement suit. Air Power was given twenty-one days to file an amended bill of complaint. Air Power filed an amended bill of complaint naming KTPJV as a party defendant, but the trial court sustained Thompson's demurrer and plea in bar and dismissed the case, finding that Air Power failed to join KTPJV within the requisite time period; therefore, that suit was barred by the statute of limitations.

Air Power argues that *Mendenhall* and related cases do not compel the result reached by the trial court because this case involves a land trust in which the powers and interests of the trustees and beneficiaries are markedly different from the powers and interests under the creditor trust at issue in *Mendenhall*. We agree.

■ It is axiomatic that any interest in real property may be "diminished" by a judicially-ordered sale of the property to enforce a mechanic's lien. Nevertheless, the due process analysis utilized in *Walt Robbins, Inc.* v. *Damon Corp.*, 232 Va. 43, 348 S.E.2d 223 (1986), *Mendenhall*, and *James T. Bush Construction Co.* v. *Patel*, 243 Va. 84, 412 S.E.2d 703 (1992), does not compel a finding that the beneficiary of this land trust is a necessary party to this suit. The determination whether KTPJV is a necessary party "must be based on an analysis of the nature of the particular interest involved and the rights appurtenant to that interest in light of the relief sought." *Bush*, 243 Va. at 87-88, 412 S.E.2d at 705 (footnote omitted).

■ Air Power seeks to enforce its lien against property which constitutes the res of a land trust, a mechanism utilized in the development of real property because of its perceived tax, conveyance, and financing advantages. George G. Bogert and George T. Bogert, *The Law of Trusts and Trustees* § 249 (Repl. Vol. 2d ed. 1992). In

---

* Also named as defendants in the bill to enforce the mechanic's lien were five other parties who were claiming mechanics' liens against the property and American Security Bank, N.A. and trustees for three deeds of trust securing promissory notes for loans made by the Bank to Thompson and Stouffer as trustees.

accordance with the provisions of Code § 55-17.1, the deed of conveyance here gave the trustees full authority to protect, sell, exchange, convey, encumber, lease, or otherwise dispose of the property; recited that any instrument executed by the trustees regarding the property was conclusive evidence of the trustees' authority to execute the instrument; and specified that persons who dealt with the trustees with respect to the property would not be obligated to inquire as to the trustees' authority to act or to assure the proper disposition of funds which those parties gave to the trustees. The deed went on to state:

> The interest of every beneficiary hereunder and under the April 18, 1989 Trust Agreement, and of all persons claiming under any of them, shall be only in the earnings, income and proceeds arising from the rental, sale or other disposition of the Property. *Such interest is hereby declared to be personal property, and no beneficiary hereunder and under the Trust Agreement shall have any right, title or interest, legal or equitable, in or to the Property, as such, but only in the earnings, income and proceeds thereof* as provided in the April 18, 1989 Trust Agreement. [Emphasis added.]

The recitations in the deed of conveyance and the provisions of the statute support Air Power's position that there is a substantial difference between the interests of the trustees and the beneficiary of this land trust and the interests created under a creditor deed of trust. Unlike a creditor trust where legal title resides in the trustee while the beneficiary retains equitable title, the trustee in a land trust receives both legal and equitable title to the property. *Curtis* v. *Lee Land Trust*, 235 Va. 491, 494, 369 S.E.2d 853, 854 (1988). In a land trust, the beneficiary retains no interest, legal or equitable, in the property itself, but instead holds only a personal property interest in the rents, proceeds, and profits from the property. While due process considerations may attach, they pertain to an interest in the proper distribution of the rents, proceeds, and profits from the property, not in the property itself. *Cf. Lamar Corp.* v. *City of Richmond*, 241 Va. 346, 349-50, 402 S.E.2d 31, 33 (1991). In this regard, the interest of the land trustee beneficiary is analogous to that of one who holds stock in a corporation. A stockholder has various rights with respect to interests in the corporation, but

does not have an ownership interest in land held by the corporation. *Grenco* v. *Nathaniel Greene*, 218 Va. 228, 237 S.E.2d 107 (1977).

 Code § 55-17.1 reflects the unique nature of the land trust beneficiary's interest. The statute states that the interest is personal property, that the beneficiaries need not be named in the land trust deed for the trust to be valid, and that third parties need look only to the trustees when they deal with the property. These provisions effectively eliminate a third party's responsibility, and ability, to notify land trust beneficiaries of any action against the property which that party may contemplate. This facet of the land trust mechanism is possible precisely because the due process rights of the beneficiary of a land trust are limited to protection of the beneficiary's interest in the proceeds from the property, not in the property itself. As such, the beneficiary may be a *proper* party to an action to enforce a mechanic's lien, which would provide notice and the opportunity to preserve its interests in the proceeds from a potential judicial sale; nevertheless, the beneficiary is not a *necessary* party to the enforcement suit.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

*Reversed and remanded.*