## CIRCUIT COURT OF THE CITY OF RICHMOND

Roger M. Loria

v.

William Regelson et al.

December 26, 1995

BY JUDGE T. J. MARKOW

The parties appeared by counsel on November 8, 1995, for argument on Defendant Regelson's Demurrer, Defendant Garrison's Demurrer and Defendant Lyon's Motion to Quash and Dismiss. The Court will rule as to each defendant separately.

The following summarizes the pleadings. Plaintiff began researching various applications for certain steroids involving their immune enhancing properties. He discovered that three steroids held advanced immune enhancing properties. These steroids were discussed with Dr. Regelson, Professor Loria's colleague at Virginia Commonwealth University (VCU). VCU administrators decided to claim an interest in the products pursuant to the institutional policy of patentable products discovered or produced with University materials. After a long search, Neurocrine Biosciences, Inc. (NBI) agreed to invest in the product by licensing and contracting for further research. As time passed, confusion arose. Defendants wrote correspondence to VCU administrators and NBI executives concerning the license and research agreements. Loria alleges that each of the defendants defamed him with the publication of these letters and/or memoranda in 1994. He claims injury to his reputation and monetary damages. Defendants claim that there was no publication and therefore no defamation. Defendant Lyons, a California resident, appears specially and asserts that

this court lacks personal jurisdiction over him and cannot subject him to suit in this state concerning this matter.

## I. *Defendant Regelson*

Dr. Regelson is an employee of Virginia Commonwealth University. He also serves as a consultant for NBI. On February 8, 1994, Regelson wrote a letter to Dr. Trani, President of VCU. The letter addressed Dr. Loria and the steroid project. It referenced the NBI project and related events as a "paranoid disaster" and described Loria as a "loose cannon of paranoid proportion" who created a *"chien lit"* over the University. Regelson further stated that Loria had not been reporting to NBI per the research agreement. However, he admitted that he was not aware of the details. The letter written by Regelson was marked "cc: Bob Garrison, Bill Dewey." Garrison is the VCU director of intellectual property. Dewey is VCU Vice Provost of Technology Development. Plaintiff alleges that this correspondence constituted defamation. Regelson demurrers on the grounds that the amended motion fails to state a cause of action, as there was no publication, and that the statements are matters of perception and opinion.

Defamation occurs when there is a publication of a defamatory statement to a third party. There is no publication when a defamatory communication occurs between persons within a corporate entity who have a duty and an interest in the subject. *Chalkley v. Atlantic Coast Line R. Co.*, 150 Va. 301, 334, 143 S.E.2d 631 (1928); *Montgomery Ward v. Nance*, 165 Va. 363, 378-79, 182 S.E. 264 (1935); see also *Moore v. American Express*, 663 F. Supp. 97, 98 (S.D. W. Va. 1987).

Counsel for Regelson argued that communication between Regelson and other University officials did not constitute publication because it was within a corporate context and made to persons with attending duties and interests in the subject matter. The court agrees. As a researcher funded by NBI for a portion of the steroid project, Dr. Regelson held a vested interest in the continuation of the license agreement and continued financial support from NBI for further research. Since he served as an NBI consultant and worked as VCU faculty, Dr. Regelson informed the administration of matters concerning the project and the welfare of the University overall. Dr. Regelson's activities were not outside the scope of his responsibilities.

Dewey and Garrison both hold similar interests in the license and research agreements with NBI and Mr. Loria's relationship with the company. As Vice Provost of Technology Development, Dewey was impliedly responsible for protecting and overseeing projects involving technological

advancements like this steroid project. Likewise, Garrison's interest in the NBI agreements and Loria's efforts stemmed from his direct responsibility for licensing intellectual property of the University to third parties. Since this project evolved from the license of a new and potentially patentable project, Dewey and Garrison were two parties who should be notified of any developments concerning the agreements. Thus, the communication with Trani, Dewey, and Garrison remained within the University and among those with corresponding interests and duties.

However, Plaintiff may yet have a valid claim, but not as pleaded. In his opposition memorandum, plaintiff states that the pleadings and exhibits give no reason for the court to assume that the letter was not sent to third parties. Upon a demurrer, the court has the responsibility of accepting as true the pleadings within the motion for judgment and the attending exhibits. *Fun v. V.M.I.*, 245 Va. 249, 253, 422 S.E.2d 770 (1992) *citing Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152 (1991). This court has done so. Plaintiff's Amended Motion for Judgment, claims that the letters were distributed not only to President Trani, but also to "others at VCU." Without specifying the description of who "others" were, the defendants have no ability to respond with a defense. The pleading then is fatally deficient. *Sun Life Assur. Co. v. Bailey*, 101 Va. 443, 445, 44 S.E. 692 (1903) (declarations must be sufficient to enable defendant to plead to the action); see also *Hines v. Gravins*, 136 Va. 313, 318, 112 S.E. 869 (1924) (defendant ultimately entitled to know the parties to whom publication was made); *Federal Land Bank v. Birchfield*, 173 Va. 200, 217, 3 S.E.2d 405 (1939).

Similar claims and demurrers were proffered by the parties concerning a second letter written by Regelson which was dated February 17, 1994. Plaintiff claims that this letter was published to "various persons" including defendant Lyons at NBI. Like the previous letter, communication between Lyons, the NBI President, and Regelson constitutes a corporate communication among interested persons. There was no publication. Similar to the allegation of publication to "others" at VCU, plaintiff alleges the publication to others here. This, too, is a fatally deficient allegation.

Because the court has decided that the communications among the VCU officials, faculty, and NBI were not publications, the court need not address whether the statements were matters of opinion or actionable facts. The demurrers are sustained. As plaintiff may have sufficient information regarding the identities of the "others," he may be able to successfully amend, and he will be granted leave to do so.

## II. *Defendant Garrison*

As previously stated, Mr. Garrison serves as Director of Technology Transfer at Virginia Commonwealth University. Plaintiff alleges that defendant Garrison defamed him by publishing a libelous memorandum to Dr. Dewey, VCU Vice Provost for Technology Development and "to others." Specifically, Plaintiff asserts that Garrison knowingly or negligently made false statements claiming that: (1) the Regelson and Loria relationship had escalated into a lawsuit over the steroid projects, (2) Loria declared to "bureaucratize" the project making it less attractive, (3) Loria's actions were "detrimental" to VCU and Loria was combative towards and uncooperative with NBI, (4) Loria, alone, caused the forfeiture of funds from NBI for research.

Garrison argues that the complaint fails to state a cause of action because the Amended Motion for Judgment does not allege that the statements were published since they were communicated to individuals of the same corporate entity with an interest in the subject matter. Garrison further claims that the statements were matters of perception and opinion, not defamatory *per se*.

The memorandum to Trani, Dewey, and Ross constituted a communication within the University itself and not publication. Again, the allegation that the communication was made to "others" is insufficient. Garrison's demurrer is sustained with leave to amend.

## III. *Defendant Lyons*

Lyons is charged with defaming the plaintiff by writing defamatory letters and distributing them to VCU administrators. Lyons denies that this court has personal jurisdiction over him and moves to dismiss the suit.

Mr. Lyons is the president of NBI. He is domiciled and employed in California. Plaintiff asserts that the business conducted with VCU and visits to Virginia by Mr. Lyons pursuant to the licensing agreement create personal jurisdiction sufficient to hold this defendant accountable under the laws of this Commonwealth according to Va. Code §§ 8.01-328.1(A)(1) and 8.01-328.1(A)(3). This court disagrees.

Code § 8.01-328.1(A)(1) states that "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's transacting any business in this Commonwealth." Jurisdiction will not lie where the defendant's acts are not committed within the state. *City of Virginia Beach v. Roanoke River Basin Assn.*, 776 F.2d 484, 488 (4th Cir. 1985). Similarly, § 8.01-328.1(A)(3)

requires that the tortious injury be caused by an act committed within the state.

Lyon's contacts with Virginia stemmed from investment opportunities taken by NBI. By affidavit, Lyons admitted that he travelled to, remained in, initiated phone calls or facsimile transmissions and sent letters to Virginia in furtherance of the NBI and VCU agreements. Other than these contacts, defendant Lyons has never conducted any business in Virginia. In fact the acts of writing and mailing the allegedly defamatory material were performed in California and not Virginia. *See Industrial Carbon Corp. v. Equity Auto & Equip. Leasing Corp.*, 737 F. Supp. 925, 929 (W.D. Va. 1990); *St. Clair v. Righter*, 250 F. Supp. 148, 151 (W.D. Va. 1966). Since Lyons did not commit an act within this state, personal jurisdiction over him has not been established under either § 8.01-328.1(A)(1) or § 8.01-328.1(A)(3) of the Code.

Furthermore, the acts of the defendant were essentially acts of the corporation performed by Lyons. In *Miller & Rhoads v. West*, 442 F. Supp. 341, 344 (E.D. Va. 1977), the United States District Court for the Western District of Virginia decided that a foreign corporation must be "acting on behalf of the defendants as their agents" in order for long arm jurisdiction under § 8.01-328.1(A)(1) or (2) to attach to its individual officers and directors. In contrast to the facts at hand, no allegation was made that either of the individual defendants were ever physically present in Virginia, whereas Lyons admits to such a presence. The *Miller* plaintiff neither alleged nor proved that the corporation was the agent of the individual defendants. As a result, the court denied in personam jurisdiction.

The facts of the *Miller* case differ somewhat from those at hand, but this court reaches the same conclusion. Plaintiff's only allegations are that Lyons sent defamatory material to Virginia. Despite defendant Lyons' contact with Virginia, plaintiff fails to allege that the corporation was an agent of Lyons. Since no agency is alleged, long-arm jurisdiction cannot attach to defendant Lyons.

While Plaintiff believes that visits and mailing letters to the Commonwealth constitute sufficient business contacts upon which long-arm jurisdiction may stand, the court disagrees. Although Virginia only requires a single act to create a business transaction, the constitutional requisite of "minimum contacts" must also be satisfied. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant concedes to several contacts with Virginia Commonwealth University administrators. How-

ever, plaintiff's case fails to meet the constitutionally required minimum contacts.

Virginia courts have declared minimum contacts to be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws . . . ." *Danville Plywood Corp. v. Plain and Fancy Kitchens*, 218 Va. 533, 535 (1977) citing *Hanson v. Denckla*, 357 U.S. 235 (1958). In this scenario, plaintiff does not allege that Lyons personally benefited from his contacts with Virginia. Potentially, one working for a company may indirectly benefit if the corporate project is profitable. However, individual gain resulting from corporate progress is speculative; profit for an institution does not always lead to gains for the individual.

Clearly, the purpose of these transactions was to advance corporate projects which were underway, not to advance any personal projects of Mr. Lyons. Ultimately, NBI purposefully availed *itself* of the privileges of conducting business in Virginia. No such privileges are alleged or suggested involving Mr. Lyons' personal affairs. Contact initiated by Lyons did not provide him personally with either benefits or protection of the Commonwealth. Furthermore, sending letters to Virginia is an insufficient basis to assert personal jurisdiction. *Superfos Investments v. Firstmiss Fertilizer, Inc.*, 774 F. Supp. 393, 398 (E.D. Va. 1991) (phone calls, facsimile messages were insufficient basis for in personam jurisdiction over a nonresident corporation where only sales persons visited the state before any transaction occurred); *Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391, 396 (E.D. Va. 1984) (phone conversations, telex messages, and letters negotiating and in furtherance of a transaction were insufficient basis for in personam jurisdiction over nonresident corporation). Consequently, minimum contacts have not been sufficiently pleaded. Because, the long-arm statute will not attach to this defendant, the service issue is moot and the case will be dismissed as against Mr. Lyons.

## IV. *Conspiracy*

In Count VIII, plaintiff alleges a conspiracy by one or more of the aforementioned defendants. The Amended Motion for Judgment claims conspiracy to injure his reputation, trade, business or profession. Va. Code § 18.2-499. Plaintiff blanketly asserts that he was damaged by the conduct. However, Count VII also incorporates all the other previous claims which allege damage to his reputation and not to his business. Moreover, plaintiff

has not alleged that he owns any business. Defendants Garrison and Regelson both claim that Count VIII fails to state a cause of action.

Defendant Garrison avers that the conspiracy charge in Count VIII fails to state a cause of action because officials of a public body working within the scope of their employment could not conspire and employment interests are not proper bases for relief under § 18.2-499. Additionally, he claims that the Amended Motion for Judgment fails to state facts which shows that Garrison agreed or participated in the alleged conspiracy and finally, that the conspiracy charge cannot relate to employment.

No conspiracy exists under § 18.2-499 of the Code when damage to the "professional reputation" of an individual is alleged. *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985); see also *Campbell v. Board of Supervisors*, 553 F. Supp. 644, 645 (E.D. Va. 1982); *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 375 (E.D. Va. 1979); and *Ward v. Connor*, 495 F. Supp. 434, 439 (E.D. Va. 1980). Drawing all reasonable inferences from the pleadings, the court believes that the plaintiff has not stated a cause of action against any individual defendant because the pleadings claim damages only to the plaintiff's reputation. The lack of information in Count VIII leads the court to believe that the only injury claimed by the plaintiff was damage to his reputation and monetary losses related to employment as averred in the other counts. Therefore, the defendants' demurrers are sustained as against Count VIII of the Amended Motion for Judgment. Plaintiff will be granted leave to amend.