# CIRCUIT COURT OF SMYTH COUNTY

Trina Gross

v.

J. Michael Rolen

December 18, 1997

Case No. (Law) 97-5459

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court for ruling upon the defendant's demurrer to the pleadings. I have completed my review of the pleadings and exhibits and counsels' respective memoranda and considered all of same in light of counsels' arguments made at the hearing on October 27, 1997. In consideration of all of which, the court finds as follows.

The plaintiff filed this action on May 1, 1997, seeking damages for alleged defamatory statements allegedly published against her by the defendant. The defendant is the principal of Marion Senior High School. The plaintiff was employed there as a guidance counselor. The allegedly defamatory remarks were contained in a letter written by the defendant to the division superintendent on February 10, 1997. The letter recommended that the school board not renew the plaintiff's employment contract on account of various reasons that were stated in the letter. The plaintiff alleges that the defendant had previously, in March of 1996, in the presence of other persons, indicated to the plaintiff that he intended to seek her dismissal and would find reasons to do so during the upcoming year. The plaintiff contends that prior to this letter, all of her performance evaluations had been satisfactory. The plaintiff contends the letter was written and published with malicious intent.

The allegations of the motion for judgment tend to aver a cause of action for both common law defamation and under the insulting words statute. The defendant has demurred to the allegations in the motion for judgment on the

grounds of sovereign immunity, privilege, lack of publication, bar of the Virginia Workers' Compensation Act, and insufficiency of the pleadings generally as to the statute of insulting words. As is required upon a demurrer, this court has considered the pleadings within the motion for judgment along with any reasonable inferences that may be drawn therefrom and the attending exhibits as true.

First of all, counsel agree and this court confirms that the doctrine of sovereign immunity is "alive and well" in Virginia. School superintendents, principals, teachers, and the like are absolutely immune from civil liability for certain torts, including defamation, committed during the course and within the scope of their employment. The same rule has not been extended, however, to include immunity for torts intentionally committed. Here, the allegations of the motion for judgment aver false statements made about the plaintiff by the defendant with malicious intent. This is an intentional tort not barred by the doctrine of sovereign immunity, and the plea is overruled.

Next, as to privilege, the defendant contends that any allegedly defamatory statements made and published by him, in this context, were absolutely privileged and, therefore, not actionable. The defendant contends that such absolute privilege is extended to important, discretionary, intragovernmental communications. He points to § 22.1-293 of the Code which affords him the privilege to "submit recommendations to the division superintendent for the ... dismissal of all personnel assigned to his supervision." The defendant further likens the school board *meeting* in which this allegedly defamatory letter was allegedly published to a quasi-judicial proceeding to which absolute privilege has been extended.

The plaintiff, on the other hand, contends that absolute privilege does not apply in this context and, in Virginia, at least, with few exceptions, is limited to legislative, judicial, and quasi-judicial proceedings and other acts of the state. She contends that a communication such as this, when made in good faith, by one who has an interest or owes a duty, if made to one having a corresponding interest or duty, is qualifiedly privileged only, that such privilege can be defeated by allegation and proof of actual malice. She further contends that a school board meeting is not a hearing and, thus, is not quasi-judicial.

The court agrees with the plaintiff as to the issue of privilege. No absolute privilege applies here. Granted, the communication here was made by one who had an interest or owed a duty to another with a corresponding interest or duty. However, it was made at a meeting. A regular school board meeting cannot be likened unto a proceeding before an administrative or regulatory body or to an administrative hearing. It is a meeting with none of the attendant

safeguards normally associated with court proceedings or administrative hearings. This court finds that a school board meeting is not a quasi-judicial proceeding and, thus, is entitled to a qualified privilege only, which privilege is defeated by allegation and proof of actual malice. Furthermore, as the plaintiff correctly notes, the allegations of the motion for judgment, taken as true for purposes of the demurrer, aver that the statements were not made in good faith. Thus, the court will overrule the demurrer as to this ground.

Next, as to publication, the defendant contends there was no defamation because there was no publication. The publication alleged here occurred between the defendant and his and plaintiff's employer. Thus, defendant contends it did not go beyond the governmental unit and related parties with similar duties and interests in the plaintiff's evaluation. The defendant cites the case of *Loria v. Regelson*, 38 Va. Cir. 283, 39 Va. Cir. 536 (1995, 1996), a Richmond Circuit Court case, and the Virginia Supreme Court cases of *Chalkley v. Atlantic Coastline R. Co.*, 150 Va. 301 (1928), and *Montgomery Ward v. Nance*, 165 Va. 363 (1935), in support of his position. These cases generally stand for the proposition that a qualified privilege exists and no publication occurs when defamatory remarks are made to typists or other employees taking dictation or doing typing in the course of their employment. The plaintiff concedes this general proposition but contends this is not the case when actual malice exists and that defendant's view of these cases is too expansive. The court agrees with the plaintiff. The qualified privilege may be lost even though, as here, the publication is intra-office or intra-agency, etc., if the defendant abuses his privilege. As the plaintiff correctly notes, the *Nance* court stated:

> When it has been determined by the court that a defamatory communication was privileged, the question whether there was actual malice is for the jury to determine either from direct proof or as an inference from other proof or from the libel itself. In other words, the use which the defendant made of his privilege — that is, whether he acted maliciously or not — is a question for the jury to decide.

*Montgomery Ward v. Nance* at 382. The *Chalkley* court likewise stated:

> This communication being privileged, plaintiff ... can only prevail by showing that the defendant availed itself of the occasion, not for the purpose of protecting its interests, but to gratify its ill will. Upon this issue the burden of proof is upon the plaintiff ... .

*Chalkley* at 305-06. The court will overrule the demurrer on this ground.

As to the allegedly defamatory statements being opinions only, and therefore not actionable, the defendant contends that when the defamatory words are expressions only of the defendant's opinion, they are not actionable as a matter of law. The plaintiff concedes this point but argues that the statements used herein, although supported by opinions, were factual in nature. The court agrees with the plaintiff and will overrule the demurrer on this ground.

As to the statements at issue being actionable under Virginia's insulting words statute, Va. Code § 8.01-45, as the defendant correctly notes, to be actionable under this statute, the language used must, in their usual construction and common acceptance, tend to violence and breach of the peace. This court is of the opinion that the statements used here do not rise to such level and will sustain the demurrer as to this count.

As to the defendant's claim that this action is barred by the exclusivity provision of the Virginia Workers' Compensation Act, this contention is without merit and is overruled.