# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Austin, Trustee

v.

City of Alexandria et al.

August 31, 2001

Case No. (Chancery) CH010249

BY JUDGE ALFRED D. SWERSKY

This cause is before the Court on cross-motions for summary judgment and the related motion in limine to allow parol evidence if summary judgment is not granted.

The material facts are not in dispute, the documents are clear and unambiguous, and the cause can be decided as a matter of law. Hence, summary judgment is the appropriate remedy and no parol evidence will be permitted. Summary judgment will be granted to Defendants.

James M. Duncan, III, conveyed certain real property to a trust created in 1993 (hereinafter referred to as the "living" trust). The conveyance was from Duncan as an individual to himself as trustee of the living trust.

In 1999, Duncan created another trust (hereinafter referred to as the "unitrust") and conveyed the same property to that trust, signing the deed individually not as trustee of the living trust.

Complainant is trustee of the living trust, which is to provide him with a lifetime income and then to pass to the James M. Duncan Library Foundation. Defendants are beneficiaries of the unitrust. The property was sold to Defendant Nationwide, and Complainant brings this action contesting the validity of the sale from Duncan as trustee of the unitrust to Nationwide. Austin argues that Duncan, as trustee of the unitrust, never had authority to convey the property because the conveyance from Duncan individually to himself as trustee of the unitrust was invalid. He relies on *Air Power, Inc. v. Thompson*, 244 Va. 534, 422 S.E.2d 768 (1992), for the proposition that the

beneficiary of a trust retains no interest in the real property but only a personal property interest in proceeds, rents, and profits, and upon *Cohn v. Central National Bank*, 191 Va. 12, 60 S.E.2d 30 (1950), for the proposition that the withdrawal of the property from the living trust could only have been done strictly in accordance with the terms of the trust.

In the conveyance of the property to the living trust in 1993, the Deed in Trust states:

> any revocation of the trust agreement by grantor shall not be effective as to the property herein conveyed unless he executes a deed, duly recorded, evidencing such revocation and reversion of title.

The document creating the living trust states that Duncan may withdraw the property from the trust by giving reasonable notice in writing to the trustee "by signed instrument delivered to the trustee during my lifetime. . . ."

Defendants argue that, by conveying the same property to the unitrust by deed, Duncan complied with both provisions above. The requirement of a deed, they argue, is met by the deed conveying the property to Duncan as trustee of the unitrust and that this deed evidences Duncan's intent to revoke the conveyance to the living trust. Further, they argue that the trust document does not specify the kind of "signed instruments" to be delivered to the trustee of the living trust and that to require Duncan to give a particular type of written notice to himself would be the requiring of a useless act.

Further, they argue that the documents must be interpreted so as to give effect to Duncan's intentions.

Duncan's actions complied with the requirements of the living trust documents for revocation of the conveyance and, therefore, the subsequent conveyances to Duncan as trustee of the unitrust and to Nationwide are valid.

The deed to Duncan as trustee of the unitrust conveys with it the power and authority to protect and conserve, sell, contract to sell, grant options to purchase, convey with or without consideration, and to encumber the real property. By conveying the "entire bundle of rights," Duncan clearly evidenced an intent to revoke the prior conveyance and to revert the title.

This case is distinguishable from *Cohn, supra*, where the trust documents did not authorize a revocation after the death of the settlor nor by his will. Not only does the deed comply with the requirements of the Deed in Trust, it also, along with the trust document creating the unitrust, satisfies the living trust document's requirement that withdrawal of the property must be by signed "instrument" (no type of instrument being specified) and by reasonable written notice to the trustee. Clearly, there has been a delivery of a signed instrument

to the trustee when Duncan himself signed the unitrust documents and deed. This also satisfies the requirement of reasonable written notice to the trustee.

Duncan as grantor of the living trust had the authority to withdraw the real estate from that trust. He did so by virtue of the documents creating the unitrust and the deed to himself as trustee of the unitrust.

For the foregoing reasons, summary judgment will be granted to Defendants on the issue of the validity of the conveyances to the unitrust and to Nationwide. The counts of the cross-bill alleging constructive fraud by Duncan will, I assume, be voluntarily dismissed.