# CIRCUIT COURT OF FAIRFAX COUNTY

Helen Cohn Needham

v.

David Legge
and John Ryan

March 28, 2006

Case No. (Chancery) 191597

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before this Court on January 26, 2006, on the cross-bills of the Respondents. Following argument of counsel, I took the matter under advisement. For the reasons stated herein, I hold that the transfers of real property from the Fernando Chaves Revocable Trust, dated December 15, 1998, and the Lucile H. Chaves Revocable Trust, dated December 15, 1998, to the Chaves Family Trust, dated December 13, 2000, were valid.

Fernando and Lucile Chaves, a married couple residing in Fairfax, Virginia, each created a trust on December 15, 1998. The trusts were the Fernando Chaves Revocable Trust and the Lucile H. Chaves Revocable Trust (together the "1998 Trusts"). The trusts were identical apart from the name of the trustmaker. Shortly after creating the 1998 Trusts, the Chaveses each transferred a one-half interest in their personal and real property into their respective trusts through identical Bills of Sale dated December 15, 1998, and through a Deed of Gift dated September 23, 1999 (the "1999 Deed"). The Deed of Gift was recorded in the land records as a transfer from the Chaveses as tenants by the entirety to Fernando Chaves, Trustee, and Lucile H. Chaves, Trustee.

On December 13, 2000, the Chaveses created the Chaves Family Trust (the "2000 Trust"), and, on the same day, they executed a deed (the "2000

Deed") purporting to transfer the real property from the 1998 Trusts to the 2000 Trust. The personalty transferred into the 1998 Trusts via the Bills of Sale was not transferred to the 2000 Trust, and, therefore, remains part of the 1998 Trusts. Fernando Chaves died in December 2003, leaving his wife Lucile Chaves as successor trustee of the Fernando Chaves Revocable Trust. She was later determined to be incapacitated, and David Legge, the couple's longtime accountant, became successor trustee of the 1998 Trusts.

On February 18, 2005, Helen Cohn Needham, Special Commissioner, sold the real property pursuant to an order of this Court entered August 19, 2004. The proceeds of the sale were placed in escrow pending a determination of whether they belong to the 1998 Trusts or the 2000 Trust. Ms. Needham filed this action to resolve that dispute. Respondent, David Legge, successor trustee of the 1998 Trusts, contends that the real property remained with the 1998 Trusts because the conveyance to the 2000 Trust was invalid. Respondent, John Ryan, successor trustee of the 2000 Trust, contends that the conveyance was valid and that the proceeds belong to the 2000 Trust.

To create a land trust, the grantor must convey both legal and equitable title in the property to the trustee. *Austin v. City of Alexandria*, 265 Va. 89, 574 S.E.2d 289, 292 (2003) (citing *Air Power v. Thompson*, 244 Va. 534, 422 S.E.2d 768 (1992)). A revocable trust enables the grantor to remove property from the trust so long as the removal is in accord with the terms of the trust agreement and the recorded deed that conveyed the property to the trust. *Id.* (citing *Cohn v. Central Nat'l Bank of Richmond*, 191 Va. 12, 60 S.E.2d 30, 33 (1950)).

The trust agreements which created the 1998 Trusts and the 1999 Deed gave the Chaveses broad powers to remove trust property, both in their capacity as trustees and in their individual capacity. The granting clause of the 2000 Deed transferring the real property to the 2000 Trust provides that the deed is "between Fernando Chaves, Trustee of the Fernando Chaves Living Trust dated December 15, 1998, and Lucile H. Chaves, Trustee of the Lucile H. Chaves Living Trust dated December 13, 1998, as Grantors, and Fernando Chaves and Lucile H. Chaves, as trustees of the Chaves Family Trust, dated December 13, 2000, as Grantees." (Ex. 6 of Stipulations and Exhibits at 1.) The body of the 2000 Deed quotes extensively from the terms of the "Trust Agreement" (although which trust agreement is not identified), including grants of power and authority to convey the property. The 2000 Deed is signed by "Fernando Chaves" and "Lucile H. Chaves," without any mention of whether they are signing in their capacity as trustees.

Upon the taking of testimony and consideration of all of the evidence in the case, I find that it was the Chaveses' intention by the 2000 Deed to transfer the real property from the 1998 Trusts to the 2000 Trust in their capacity as trustees of the 1998 Trusts. Their failure to include the word "trustee" on the signature line does not change that fact, as their intent was made clear from the granting clause. See *Virginia & West Va. Coal Co. v. Charles*, 251 F. 83 (1917). Furthermore, neither the 1998 Trusts nor the 1999 Deed prohibited such a transfer. In fact, the 1998 Trusts clearly state: "My Trustee may purchase, sell, transfer, exchange, or otherwise acquire or dispose of any real estate." (Ex. 1 and Ex. 2 of Stipulations and Exhibits at 61.) The 1999 Deed gave the Chaveses, as Trustees of the 1998 Trusts, "full power, right, and authority . . . to sell, lease, exchange, encumber, and/or convey the said property. . . ." (Ex. 3 of Stipulations and Exhibits at 2.) These words reflect the clear and unambiguous intent of the Chaveses to provide for the transfer of the real property over the interest of the beneficiaries. See *Frazer v. Millington*, 252 Va. 195, 475 S.E.2d 811, 814 (1996) (holding that the grantor created a special testamentary power of appointment over the interest of the trust beneficiaries). Thus, the intent of the Chaveses must yield to the interest of the remainder beneficiaries.

I find that any lack of consideration did not affect that transfer. Article Four of the 1998 Trusts specifically states: "My Trustee, during all periods of time when I am not disabled as defined in this Article, shall distribute or retain the principal and net income of the trust as I may direct, except that I shall have no power to direct my Trustee to make gifts of principal or income from the trust to a third party. Any gift made directly by my Trustee to a third party in violation of this provision shall be construed as a distribution made directly to me, and then a gift from me to such third party." (Ex. 1 and Ex. 2 of Stipulations and Exhibits at 6.) I find this language to mean that any transfer of property by gift from the 1998 Trusts to a third party was, in effect, a revocation of the initial transfer of property to the 1998 Trusts, such that it reverted back to the Chaveses in their individual capacity, and then a gift from the Chaveses, in their individual capacity, to the third party. Thus, even if the transfer had been by gift or for nominal consideration, the transfer was valid. See *Austin*, 265 Va. 89, 574 S.E.2d 289.

Furthermore, it was clearly the intent of the Chaveses to transfer the property from the 1998 Trusts to the 2000 Trusts, as evidenced by their creation of the 2000 Trust. Therefore, any ambiguity in the terms of the 1998 Trusts and the 1999 Deed should be resolved in favor of carrying out the intent of the Chaveses. *Id.*

Lastly, in his cross-bill, Respondent Ryan requested that the Court issue an order correcting the scrivener's error in the 2000 Deed which noted the date of the Lucile H. Chaves Revocable Trust as December 13, 1998, rather than December 15, 1998. I find that the scrivener's error does not affect the validity of the transfer in any way. Nonetheless, I hold that the date of the Lucile H. Chaves Revocable Trust, as noted in the 2000 Deed, should be December 15, 1998, rather than December 13, 1998.