# CIRCUIT COURT OF MONTGOMERY COUNTY

Turner Construction Co., Inc.

v.

Virginia Polytechnic Institute
and State University

v.

Moseley Architects, P.C.

v.

Thornton Tomasetti, Inc.

June 1, 2007

Case No. CL06000832-00

BY JUDGE ROBERT M. D. TURK

This matter recently came before the court concerning the demurrers and plea in bar filed by Virginia Polytechnic Institute and State University (VPI). The plaintiff has filed its first amended complaint against VPI, arising from a contract entered into between the parties for the construction of the west side press box and luxury suites. Turner Construction has alleged in its complaint that it is owed some 30 million dollars for work performed on this project. They have alleged in a four-count complaint, both an express contract as well as recoveries under quantum meruit and unjust enrichment (Counts II and III). VPI has filed its demurrers to Counts II and III as well as its plea in

bar to Counts II and III. Arguments were held and both parties have submitted written memoranda. I have reviewed the authorities and the materials submitted in arriving at my decision.

"The function of a demurer is to test whether a motion for judgment states a cause of action from which relief can be granted. A demurrer admits the truth of all material facts well pleaded, including facts expressly alleged and all reasonable inferences arising therefrom." *Lentz v. Morris*, 236 Va. 78 (1988). "A demurrer does not allow the court to evaluate and decide the merits of a claim; it only tests the sufficiency of facts and allegations to determine whether the motion for judgment [now the complaint] states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 422 S.E.2d 770 (1993).

I have reviewed Counts II and III of the plaintiff's complaint and find that, even if I accept all of the allegations as contained therein as being true, they are insufficient to state a cause of action against the defendant under theories of quantum meruit or unjust enrichment. The court makes this finding due to the fact that it believes the defendant, Virginia Polytechnic Institute and State University is entitled to sovereign immunity, as pleaded in its plea in bar. The court finds the case of *Flory v. Commonwealth*, 261 Va. 230, 238 (2001), addresses quasi-contractual doctrines insofar as contract claims are concerned. In *Flory*, the court specifically stated, "However, quasi contractual doctrines are premised on the absence of a valid contract. The Commonwealth's common law liability for its contracts does not encompass quasi contractual claims, and any relief based upon such claims must be authorized through a statute abrogating the Commonwealth's sovereign immunity."

The plaintiff has not presented the court with any authorities indicating that the sovereign has expressly waived its defense under the facts of this case.

The contract in question in this case was issued pursuant to the Virginia Procurement statute, § 2.2-4300 *et seq*. There is absolutely nothing in that section that expressly waives the Commonwealth's sovereign immunity defense for quasi-contractual recoveries. The plaintiffs have argued that § 23-16 should govern. The language contained in that statute allows this institution to be sued on quasi-contractual principles. Section 23-16 of the Code of Virginia refers to educational institutions and the specific section referenced by the plaintiff is entitled "Bonds and Other Obligations." While it may reference building stadiums etc., again, this section deals with the issuance of bonds and other obligations by the sovereign and not with the procurement of contracts and obligations contained therein.

Virginia has held that "A waiver is an intentional relinquishment of a known right." *Hinchey v. Ogden*, 226 Va. 234 (1983). "There can be no waiver of sovereign immunity by implication." Again, as stated in this instance, the plaintiff has cited no statute expressly waiving sovereign immunity for quasi-contractual recoveries.

The court also finds that this case involves an express contract that defines the rights of the parties. The plaintiff has acknowledged, as pleaded, an express contract and the defendants have acknowledged that one existed. The case of *Southern Biscuit Co. v. Lloyd*, 174 Va. 299 (1940), stands for the proposition that "It has been well settled by repeated decision of this court that an express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter." The parties have somewhat conceded that this express contract contains all kinds of language concerning penalties for delaying the completion of the project, whether those delays be caused by the plaintiff or by the defendant. The court finds that this contract and any documents amending it or incorporated along with it, govern the rights and liabilities of the parties in this action. Therefore, the court finds that any quasi-contractual obligations would not arise under any facts as pleaded.