20

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ruth Z. Ruskin
and Steven Stattner,
trustees

v.

Jerald P. Cohen

October 15, 2008

Case No. CL08001343

BY JUDGE LISA B. KEMLER

Before the Court is the Defendant's Motion for Leave to Add Additional Parties. Plaintiffs, Ruth Z. Ruskin and Steven Stattner, Trustees of the Glyndon Land Trust (the "Trust"), have brought a Complaint for declaratory judgment, specific performance, and accounting against Defendant Jerald P. Cohen, the property manager for the Trust. Defendant Cohen seeks to add the Trust beneficiaries as parties plaintiffs to this action. The Plaintiff Trustees oppose the motion, arguing that the Trust beneficiaries are not necessary to this action, that the Trustees can protect the interests of the beneficiaries, and that Defendant Cohen can conduct discovery without the addition of the beneficiaries as parties. At the argument on the motion, the Plaintiffs also argued that, under Rule 3:12 of the Rules of the Virginia Supreme Court, the Defendant's motion is untimely because it was filed more than 21 days after service of the Complaint. Rule 3:12 is subject to the provisions of Rule 1:9 which allows for the extension of time for filing pleadings in the discretion of the Court. The motion is untimely and, though no motion for leave to file out of time the motion for leave to add additional parties was filed, the Court allowed argument on the substantive grounds for and against the motion to go forward. Upon further review of the parties' legal memoranda and the applicable law, it is my opinion that the motion should be denied for the reasons set forth below.

The controlling authority on whether the land trust beneficiaries are necessary parties is the case of *Air Power, Inc. v. Thompson*, 244 Va. 534, 537-38, 422 S.E.2d 768 (1992), in which the Virginia Supreme Court specifically held that beneficiaries to a land trust, though they may be proper parties, are not necessary parties to the lawsuit. In *Air Power*, the lawsuit involved a mechanic's lien enforcement action seeking to enforce a judicial sale of land trust property. In reversing the trial court's dismissal of the action for failure to name the land trust beneficiaries, the Court noted that "the beneficiary may be a *proper* party to an action to enforce a mechanic's lien, which would provide notice and the opportunity to preserve its interests in the proceeds from a potential judicial sale; nevertheless, the beneficiary is not a *necessary* party to the enforcement suit." *Id.* (Emphasis in original.) During argument on the motion, defense counsel all but conceded that the beneficiaries were not legally necessary, but argued that they were at least "ethically" necessary. To buttress his argument, counsel asserted that the Trust beneficiaries are *de facto* plaintiffs and have an interest in the outcome of the case. Neither of these arguments are persuasive.

In the Defendant's memorandum, it was argued that the Trust beneficiaries are necessary parties, unlike the beneficiary in *Air Power*, because the *personal property* interests of the beneficiaries in the proceeds and profits of the trusts are at issue (instead of an interest in the property itself). However, the allegations relating to Counts I through III of the Complaint (declaratory judgment and specific performance) concern the Defendant's legal and equitable claims to the Trust property, not the beneficiaries' personal property interest. Count IV (Court ordered accounting of Defendant's management fees) does not render the beneficiaries necessary parties.

Regarding the ability of the Plaintiff Trustees to protect the interests of the Trust beneficiaries, the Trustees of the land trust in issue have demonstrated a willingness to act to protect the interests of the beneficiaries in that they have instituted the pending action. *See* Restatement (Second) of the Law of Trusts, § 282, Comment a.

Finally, as to Defendant Cohen's claim that the beneficiaries are necessary parties because they are "in possession of relevant evidence going to the issue of their, and their predecessors', course of dealing with the present manager (the Defendant) and the previous managers," such a claim is not a proper basis for adding the beneficiaries as parties in this action. Though costly, the Defendant may issue third-party subpoenas if he so chooses.